UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, | |
| Plaintiff, | Civil Action No.: 1:24-cv-05158-TWT |
| v. | |
| DEPUTY MONIQUE TRACEY, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME TO SERVE DEFENDANT ERICA SANCHEZ

Pursuant to Rule 4 and Local Rule 7.1, Plaintiff Ezra Smith files this motion for leave to extend the deadline to serve Defendant Erica Sanchez by thirty days. As grounds, Plaintiff states:

1.      On November 1, 2024, Mr. Smith filed this lawsuit against Nurse Sanchez and several deputies employed at the Rockdale County Jail for their deliberate indifference under the Fourteenth Amendment to his objective risk of serious self-harm. *See, generally*, Compl.

2.      On December 27, 2024, the deputies waived service. [ECF Nos. 3–5]. The deputies' answers are due by February 21, 2025.

3.      To date, however, Mr. Smith has been unable to serve Nurse Sanchez.

4.      Mr. Smith first attempted to serve Nurse Sanchez by private process server at the jail, but that server was told Nurse Sanchez no longer worked at the jail. *See* Declaration of James Slater ("Slater Decl.") ¶ 5, which is being filed contemporaneously with this motion.

5.      Thereafter, counsel conferred with Nurse Sanchez's employer, Naphcare, who informed counsel that, to the contrary, Nurse Sanchez remained employed at the Rockdale County Jail. *Id.* at ¶¶ 8–9.

6.      Counsel instructed the Rockdale County Sheriff to serve Nurse Sanchez, and the Sheriff's Office has made at least one attempt to do so and has informed counsel that the Sheriff's Office has provided Nurse Sanchez notice of the same. *Id.* at ¶¶ 10–12.

7.      Counsel hopes that the Sheriff's Office will be able to serve Nurse Sanchez in the coming weeks; however, the deadline to serve her under Rule 4(m) expires this week, on January 30, 2025.

8.      Accordingly, Mr. Smith requests a brief, thirty-day extension of time to serve Nurse Sanchez.

### Memorandum of Law

Rule 4(m) necessitates service of a summons and complaint within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Failure to comply with Rule 4(m) can lead to dismissal of a case or party without prejudice.

To avoid dismissal, a plaintiff may request an extension of time for service upon a showing of good cause. *See id.* Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991)). However, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). An extension of time for service may be justified "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory cmte. note 1993 Amendments; *see also Horenkamp.*, 402 F.3d at 1133. These factors are not exhaustive. *Lepone-Dempsey*, 476 F.3d at 1281.

Here, Mr. Smith has demonstrated good cause. He promptly sought to serve Nurse Sanchez at the jail, but his server was told that she no longer worked there. He endeavored to ascertain another address for her before contacting her employer to determine her whereabouts. After learning that the information provided by the Sheriff's Office to Mr. Smith's process server about Nurse Sanchez's employment was incorrect, Mr. Smith asked the Sheriff's Office to serve Nurse Sanchez directly. Those efforts are ongoing.

3

## **Conclusion**

The faulty advice regarding Nurse Sanchez's employment directly hindered Mr. Smith's efforts to serve her, demonstrating good cause for additional time to complete service. Accordingly, Mr. Smith seeks an additional thirty days, through March 3, 2025, to serve Nurse Sanchez. Appearing defendants do not oppose this request.

Dated: January 28, 2025

Respectfully submitted,


SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
(404) 905-2225
jeff@civil-rights.law
wingo@civil-rights.law


SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283
james@slater.legal

**Jeff Filipovits**
Jeff Filipovits
Georgia Bar No.  825553

**Wingo Smith**
Wingo Smith
Georgia Bar No. 147896

**James M. Slater**
James M. Slater
Georgia Bar No. 169869

4

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the documents to which this certificate is attached have been

prepared with one of the font and point selections approved by the Court in Local

Rule 5.1 for documents prepared by computer.

By: **<u>James M. Slater</u>**
James M. Slater