# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) 1:24-cv-05158-TWT |
| v. | ) |
| | ) |
| DEPUTY MONIQUE TRACEY, | ) |
| DEPUTY RAUL GOMEZ, DEPUTY | ) |
| SHENEQUA JACKSON, and ERICA | ) |
| SANCHEZ, | ) |
| | ) |
| Defendants. | ) |

## ERICA SANCHEZ'S INITIAL DISCLOSURES

Defendant Erica Sanchez makes this Initial Disclosure pursuant to Federal Rule of Civil Procedure 26(a) and Local Rule 26.1.

## PRELIMINARY STATEMENT

Defendant anticipates she may be able to identify additional witnesses or documents, if any, after Plaintiff has made his initial disclosures, through additional pleadings, if any, through disclosures made, and through discovery, in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

1

The following disclosures are made based on the information reasonably available to Defendant as of the date of this disclosure and represent her good faith effort to identify information, including Electronically Stored Information ("ESI"), pertaining to the allegations of Plaintiff's Complaint, as required under Rule 26(a)(1).

Defendant further states she has not yet completed her investigation of the facts related to this litigation. Consequently, this disclosure is based only on information and documentation of which Defendant is presently aware. It is anticipated that further investigation, research, and analysis will supply additional facts and documents, and add meaning to known facts, all of which may lead to substantial additions or changes to this disclosure.

Defendant will supplement this disclosure upon the discovery of additional information or, to the extent the parties assert, clarify, modify, or otherwise develop additional theories in this lawsuit.

(1)     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Response:

Defendant has not been improperly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Response:

At this stage of the litigation, Defendant is not aware of any necessary parties that have not been joined. Defendant may file a motion to join third parties as further investigation warrants.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Response:

There are no pending counterclaims or crossclaims. Defendant asserted certain defenses to preserve her right to develop these defenses as the case proceeds.

**Factual Basis:**[1] Plaintiff's Section 1983 claim against Defendant Sanchez arising out of his attempted suicide while in detention at Rockdale County Jail fails as Plaintiff has not stated a cognizable claim against Defendant Sanchez. Plaintiff's

---

[1] Defendant reserves the right to adjust or amend its factual basis based on the evidence discovered throughout the pendency of this case.

3

Complaint improperly conflates the knowledge, duties, and actions of Defendant Sanchez, a nurse working on the medical staff, with the deputies working at the jail. When Defendant Sanchez's responsibilities and subjective knowledge are decoupled from the deputies' responsibilities and knowledge, the Section 1983 claims against her are not cognizable.

In addition to the substantive dismissal grounds, Plaintiff's entire Complaint should be dismissed because it is an impermissible shotgun pleading.

(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law that Defendant contends are applicable to this action.

Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 8, 9, 10, and 12; Federal Rules of Evidence, including but not limited to Fed. R. Evid. 301, 401, 402, 404, 406, 601-615, and 701-705; 42 USC § 1983; *Woods v. Miller*, 215 F. App'x 796 (11th Cir. 2007); *McDonough v. City of Homestead*, 771 F. App'x 952 (11th Cir. 2019); *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010); *Johnson v. City of Atlanta*, 107 F.4th 1292 (11th Cir. 2024); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337 (11th Cir. 2005); *Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011); *Wade v. McDade*, No. 106 F.4th 1251 (11th Cir. 2024);

*Weiland v. Palm Beach Cnty, Sheriff's Off.*, 792 F. 3d 1313 (11th Cir. 2015); and *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039 (11th Cir. 2015).

These cases represent an overview of the case law upon which Defendant may rely in defending this action. Defendant may supplement this response as discovery progresses and will provide additional authority to this Court as needed regarding any other issues that may arise.

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

Response:

Defendant has not yet identified all the individuals likely to have discoverable information that they may use to support its claims or defenses. Based on information reasonably available at this time, however, Defendant states that the individuals identified in Attachment "A" may have discoverable information regarding the care provided to Mr. Smith. Defendant will identify other such individuals as discovery proceeds.

(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all

experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Response:

Defendant has not determined whom they will call, if anyone at all, as expert witnesses to testify at the trial of this matter. Therefore, there is no Attachment "B." Defendant reserves the right to supplement this response at such time as any such expert is identified.

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

Response:

Defendant has not yet identified all documents that may be relevant to this action or which may support her claims or defenses. Based on information reasonably available at this time, however, Defendant states the documents listed in

Attachment "C" may be used to support her claims or defenses. Defendant will supplement this response as discovery proceeds.

(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Response:

Defendant is not alleging any damages at this time. Therefore, this request is not currently applicable to this defendant and there is no Attachment "D." Defendant reserves the right to amend this response should discovery or investigation lead to disclosure of additional relevant information.

(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Response:

At this stage of the litigation, Defendant is not aware of another person or legal entity who may be liable to the plaintiffs or a defendant in this matter. Defendant may file a motion to join third parties as further investigation warrants.

(10)  Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Response:

Defendant is insured under Ironshore Specialty Insurance Company insurance policy numbers HC7BAB5A62005 and HC7BAB5A67005 copies of which are available upon request.

Respectfully submitted this 20th day of February, 2025.

/s/   Antonio E. Veal
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007
Lindsey Adams
Georgia Bar No.: 288816

*Counsel for Defendant Erica Sanchez*

H<span style="font-variant:small-caps">uff</span>, P<span style="font-variant:small-caps">owell</span> & B<span style="font-variant:small-caps">ailey</span>, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com
Email: ladams@huffpowellbailey.com

## **ATTACHMENT A**

The following persons are likely to have discoverable information that may be used to support this defendant's claims and defenses:

Erica Sanchez

Deputy Monique Tracey

Deputy Raul Gomez

Deputy Shenequa Jackson

## **ATTACHMENT C**

NaphCare, Inc.'s medical records for Ezra Smith.

Inmate Healthcare Services Agreement between Rockdale County and Naphcare, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing ERICA SANCHEZ'S INITIAL DISCLOSURES was electronically filed using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted this 20th day of February 2025.

>  */s/ Antonio E. Veal*
> Michael G. Frankson
> Georgia Bar No.: 173835
> Antonio E. Veal
> Georgia Bar No.: 460007
> Lindsey Adams
> Georgia Bar No.: 288816
>
> *Counsel for Defendant Erica Sanchez*
>
> HUFF, POWELL & BAILEY, LLC
> 999 Peachtree Street, Suite 950
> Atlanta, Georgia 30309
> Telephone: (404) 892-4022
> Fax: (404) 892-4033
> Email: mfrankson@huffpowellbailey.com
> Email: aveal@huffpowellbailey.com
> Email: ladams@huffpowellbailey.com