UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, | |
| Plaintiff, | Civil Action No.: 1:24-cv-05158-TWT |
| v. | |
| DEPUTY MONIQUE TRACEY, et al., | |
| Defendants. | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEFENDANT ERICA SANCHEZ'S MOTION TO STAY**

As explained in Plaintiff's opposition to Defendant Erica Sanchez's pending motion to dismiss, the complaint plausibly asserts a Fourteenth Amendment violation against Sanchez for her failure to adequately respond—or respond at all—to Plaintiff's serious risk of self-harm. Sanchez now asks the Court to stay discovery in the entire case. The Court should deny her request.

## I.     BACKGROUND

Plaintiff Ezra Smith's complaint alleges that Defendant Erica Sanchez, a nurse at the Rockdale County jail, knew that Plaintiff, a person incarcerated there, warned jailers that he was suicidal. She also knew that a deputy responded by that

warning by taunting Plaintiff and daring him to commit suicide. Sanchez knew that Plaintiff was alone in a jail cell, and that he had access to a telephone cord that he could easily use to kill himself. In response, Sanchez did nothing. Shortly thereafter, Plaintiff wrapped the telephone cord around his neck and was nearly successful in killing himself. (*See, generally*, Doc. 1).

Plaintiff also sued three other detention deputies who were involved at the jail that day. (*See id.*). Two others were present when Sanchez observed Deputy Tracey taunt Plaintiff just before he hanged himself. Plaintiff also sued Tracey and one of those deputies for their failure to respond to Plaintiff's objective risk of self-harm earlier in the day. The deputies answered the complaint. (Docs. 16 & 17).

On February 19, 2025, Sanchez filed a motion to dismiss the complaint. (Doc. 11). She argues that the complaint is a shotgun, and that Plaintiff has failed to state a claim under the Fourteenth Amendment. (*Id.*). Plaintiff responded to Sanchez's arguments on March 5, 2025 (Doc. 20), and on March 19, 2025 Sanchez replied (Doc. 26). The same day as her reply, Sanchez filed the instant motion to stay. (Doc. 25).

## II.    ARGUMENT

Defendant Sanchez's motion should be denied. Her underlying motion to dismiss has no merit, and the motion to stay is a delay tactic. The three remaining

defendants in this case have not moved to dismiss, the parties have conducted their Rule 26(f) conference, and are in the process of preparing their joint preliminary report. Defendant Sanchez has not identified any prejudice she will face if this case proceeds to discovery. Defendant Sanchez will be subject to discovery regardless of the outcome of her motion to dismiss. And, as a private employee, Defendant Sanchez is not entitled to qualified immunity. The usual considerations that favor staying discovery in a § 1983 case do not apply to her.

a.    **Defendant Sanchez's motion to dismiss will not dispose of the entire case**

Looking past the merit, vel non, of Defendant Sanchez's motion to dismiss, a "request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *Jones v. Thrive Senior Living*, LLC, 2021 WL 620964, at *1 (S.D. Ga. Feb. 17, 2021) (quoting *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at * 1 (S.D. Ga. May 30, 2014)); *Thomas v. Pangburn*, 2023 WL 5280752, at *1 (S.D. Ga. Aug. 16, 2023); *McCrimmon v. Centurion of Fla., LLC*, 2020 WL 6287681, at *1 (M.D. Fla. Oct. 27, 2020) ("Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied") (citing *Datto v. Fla. Int'l Univ. Bd. of Trustees*,

2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020)).[1]

Thus, unless a motion is truly case dispositive, motions to stay are "generally disfavored, 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *www.TrustScience.com Inc. v. Bloom Ltd.*, 2018 WL 8368844, at *2 (M.D. Fla. Oct. 11, 2018) (citing *Feldman*, 176 F.R.D. at 652, quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

Defendant Sanchez fails to explain how her motion to dismiss is case dispositive because it is not. The remaining parties are prepared to engage in discovery, and there is no just reason to deny those parties the speedy and efficient determination of this action that is embodied in the federal rules. *See, e.g.*, Fed. R. Civ. P. 1. Moreover, if Defendant Sanchez is successful in staying discovery it will deny the parties the opportunity to depose witnesses about this event while their

---

[1] Other courts in this Circuit, however, have held that *Chudasama* and its progeny actually "stand for the narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount," not that discovery should be stayed any time there is a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)); *see also McCrimmon*, 2020 WL 6287681, at *1 (collecting cases) (denying health provider's motion to stay discovery in a lawsuit involving deliberate indifference under the Eighth Amendment).

memories are more recent. *See Whitaker v. Miami-Dade Cnty.*, 2014 WL 12513590, at \*3 (S.D. Fla. Apr. 23, 2014) (noting that "Plaintiffs['] concerns about witnesses' fading memories and the disappearance of evidence are legitimate concerns, particularly where, as here, the incident occurred over fifteen months ago" and admonishing that "the Court takes seriously Plaintiff['s] right to proceed with [her] claims").

## b.  Defendant Sanchez will not be prejudiced if the parties engage in discovery

Sanchez carries heavy burden to demonstrate the need for a stay, *Feldman*, 176 F.R.D. at 652, which is "the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, 2021 WL 1822758, at \*1–2 (M.D. Fla. Apr. 5, 2021) (denying motion to stay; requiring a showing of the "unusually prejudicial or burdensome circumstance which could warrant a stay") (emphasis in original); *see also Taylor v. Serv. Corp. Int'l*, 2020 WL 6118779, at \*3 (S.D. Fla. Oct. 16, 2020) (finding the rule the Eleventh Circuit announced in *Chudasama* "particularly appropriate in large putative class action cases"). Her threadbare motion does not meet that burden.

Sanchez fails to demonstrate any burden in participating in discovery. In her motion, she provides nothing more than a single conclusory sentence to support invoking the "exception" to the rule: "Defendant Sanchez would be required to

participate in ongoing discovery to avoid the expense and inefficiency of duplicative actions." (Doc. 25 ¶ 8). But she provides no "explanation as to how discovery would be enlarged if permitted to continue." *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp. LLC*, 2019 WL 12521399, at *11 (N.D. Ga. Nov. 18, 2019). Her failure to articulate how her participation in discovery pending her motion to dismiss would be "duplicative"—particularly where all the other defendants answered the Complaint—should resolve the matter in Plaintiff's favor. And even if Sanchez could put forth some argument, it could be easily dismissed, because the discovery is largely the same—the jail records and video surveillance, witness testimony, and so forth. Her participation in discovery pending the motion to dismiss would not enlarge these proceedings.

Here, the Court should take guidance from *Randstad*. There, Judge Evans denied a motion to stay discovery pending a motion to dismiss where the motion only "comment[ed]" on the possibility of duplication of discovery matters where there was a question of whether the case would be transferred to another court. *Id.* The court "reject[ed] that argument." *Id.* It concluded that a stay was unwarranted because the motion to dismiss would not dispose all claims and the defendants had not "identified any judicial resources which would be saved by staying discovery, . . ." *Id.*

Finally, the cases Sanchez cites are easily distinguishable. For example, the first case, *Habib v. Bank of America*, involved a pro se litigant. 2011 WL 2580971, at *6 (N.D. Ga. Mar. 15, 2011). There, the magistrate judge stayed discovery pending the district court's review of the report recommending dismissal of the pro se complaint. *Id.* (staying discovery "until the District Judge reviews the Report and Recommendation on the pending motion to dismiss"). The second case, *Berry v. Canady*, involved a stay pending a resolution of a motion to dismiss predicated on qualified immunity. 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011). There, in granting the stay, the district court relied on caselaw holding that courts "may resolve the issue of qualified immunity before allowing discovery." *Id.* (citations omitted). Here, however, as explained in Plaintiff's opposition papers, Sanchez is not entitled to qualified immunity because she is employed by the jail's private health care contractor. (Doc. 20 at 17). Sanchez's caselaw is not analogous to the course of these proceedings.

c.    **Defendant Sanchez's motion to dismiss is not meritorious**

Finally, to determine whether staying discovery is warranted under the a court's inherent power to manage its dockets, *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002), some authority suggests that courts should "take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be

clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (quotations omitted); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

As explained in Plaintiff's response to Sanchez's motion to dismiss, Doc. 20, Defendant Sanchez's motion to dismiss misconstrues the allegations in Plaintiff's complaint, introduces extrinsic evidence, and asks this Court to construe all evidence in her favor. Her motion has no merit and is little more than an attempt to delay litigation.

### III.    CONCLUSION

For all these reasons, the motion to stay (Doc. 25) should be denied.

Dated: March 20, 2025

Respectfully submitted,

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
(404) 905-2225
jeff@civil-rights.law
wingo@civil-rights.law

**Jeff Filipovits**
Jeff Filipovits
Georgia Bar No.  825553

**Wingo Smith**
Wingo Smith
Georgia Bar No. 147896

**James M. Slater**
James M. Slater
Georgia Bar No. 169869

SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283
james@slater.legal

8

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

Dated: March 20, 2025.

SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283
james@slater.legal

**James M. Slater**
James M. Slater
Georgia Bar No. 169869