UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH,<br><br>    Plaintiff,<br>v.<br><br>DEPUTY MONIQUE TRACEY, *et al.*,<br><br>    Defendants. | Civil Action No.: 1:24-cv-05158-TWT |

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case.
(Rev. 03/01/11) APP.B – 2

Plaintiff Ezra Smith filed this Section 1983 lawsuit for the violation of his Fourteenth Amendment rights following his nearly successful suicide attempt in the Rockdale County Jail. He brings the lawsuit against three current and former law enforcement officials and one nurse who worked at the jail for their deliberate indifference to his risk of suicide.

The two counts cover two distinct time periods. All the counts took place in the booking area of the Rockdale County Jail, where, on July 8, 2024, Mr. Smith was taken after his release from an inpatient mental health center.

In Count I, Defendants Deputy Tracey and Deputy Jackson are alleged to have been deliberately indifferent when they failed to take any action following a report by an inmate that Plaintiff was openly discussing killing himself. The events in Count I took place around 8:00 p.m.

In Count II, Defendant Tracey is alleged to be deliberately indifferent because she encouraged Plaintiff to kill himself when he again threatened to commit suicide. Defendants Deputy Jackson, Deputy Gomez, and Nurse Sanchez were alleged to be deliberately indifferent because they took no action after hearing Plaintiff threaten to commit suicide and Defendant Tracey's response in which she encouraged him to do so. The events in Count II took place around 1:30 a.m. on July 9, 2024, while Defendants Tracey, Jackson, Gomez, and Sanchez knew that Mr. Smith was alone in the booking cell with access to a telephone cord, which he then used to attempt suicide in the minutes after Defendant Tracey told him to hang himself.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

O.C.G.A. § 51-4-5

42 U.S.C. §1983

28 U.S.C. §1331

28 U.S.C. §1343

28 U.S.C. §1367

42 U.S.C. §1988

*Farmer v. Brennan*, 511 U.S. 825 (1994)

*Greason v. Kemp*, 891 F.2d 829 (11th Cir. 1990)

*Snow ex rel. Snow v. City of Citronelle, Alabama*, 420 F.3d 1262 (11th Cir. 2005)

*Garner on behalf of R.C. v. Jamerson*, 2023 WL 4927250 (11th Cir. Aug. 2, 2023)

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

None.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary

material available for inspection and copying (Rev. 03/01/11) APP.B – 3 as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

See Attachment D.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

None.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.
(Rev. 03/01/11) APP.B – 4

None.

Respectfully submitted on March 21, 2025.

**Jeff Filipovits**
Georgia Bar No. 825553
jeff@civil-rights.law

**Wingo F. Smith**
Georgia Bar No. 147896
wingo@civil-rights.law

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave.
Suite 865
Decatur, GA 30030
404-905-2225

**James M. Slater**
Georgia Bar No. 169869
james@slater.legal

SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283

## Attachment A – Plaintiff's Witness List

| Name | Address | Phone | Email | Relationship | Response |
|---|---|---|---|---|---|
| Plaintiff | May be contacted through counsel | | | | Facts related to allegations in the complaint and damages |
| Monique Tracey | May be contacted through Defense Counsel | | | | Facts related to the Plaintiff's claims and the defenses raised in Defendants' answers. |
| Shenequa Jackson | May be contacted through Defense Counsel | | | | Facts related to the Plaintiff's claims and the defenses raised in Defendants' answers. |
| Raul Gomez | May be contacted through Defense Counsel | | | | Facts related to the Plaintiff's claims and the defenses raised in Defendants' answers. |
| Erica Sanchez | May be contacted through Defense Counsel | | | | Facts related to the Plaintiff's claims and the defenses raised in Defendants' answers. |
| Sgt. Kevin Tatum | Rockdale County Jail | | | | Facts related to the investigation following |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiff's suicide attempt and the employment actions taken as a result of that investigation |
| Lt. Daniel | Rockdale County Jail | | | | Facts related to events in Plaintiff's complaint. |
| Carmen Pittman | May be contacted through Plaintiff's counsel. | | | | Plaintiff's mother can testify about her calls to the Rockdale County Jail. |
| Christopher Corbin | Unknown | | | | Facts related to the intercom call in which inmates told Defendants Tracey and Jackson that Plaintiff was suicidal. |
| Van Wilson | Unknown | | | | Facts related to the intercom call in which inmates told Defendants Tracey and Jackson that Plaintiff was suicidal. |
| Marc Anglin | Unknown | | | | Facts related to the intercom call in which inmates told Defendants Tracey and Jackson that Plaintiff was suicidal. |

| Lucious Taylor | Unknown |  |  |  | Facts related to the intercom call in which inmates told Defendants Tracey and Jackson that Plaintiff was suicidal. |
|---|---|---|---|---|---|
| Jahmein General | Unknown |  |  |  | Facts related to the intercom call in which inmates told Defendants Tracey and Jackson that Plaintiff was suicidal. |
| Various treating medical personnel | Unknown |  |  |  | Medical personnel who responded after Plaintiff's suicide attempt. |
| Various treating medical personnel | Unknown |  |  |  | Medical personnel at the Piedmont Rockdale where Plaintiff was treated following his suicide attempt. |
| Various treating medical personnel | Unknown |  |  |  | Medical personnel at Riverwoods Behavioral Health, the facility where Plaintiff was committed after attempting suicide. |

Plaintiff reserves the right to amend this list of witnesses through the course of discovery, and incorporate any witnesses identified through the course of discovery and any witnesses identified by Defendants.

**Attachment C – Plaintiff's Document List**

1. Records obtained from the Rockdale County Sheriff's Office through open records and medical records requests. These records include:

    a. Records maintained as part of the Internal Affairs investigation by Rockdale County;

    b. Rockdale County jail policies and procedures;

    c. Miscellaneous records concerning job descriptions, shift rosters, personnel files, etc..

2. POST reports for Rockdale County Defendants.

3. Publicly available licensing information about Defendant Sanchez.

Plaintiff further designates any documents that are produced to the parties during the course of discovery, or that are designated by Defendants.

## Attachment D – Damages

Plaintiff seeks damages for emotional distress, physical harm, and other compensatory damages proximately caused by Defendants' deliberate indifference.

Plaintiff seeks punitive damages against Defendants in an amount to be determined by a jury.

Plaintiffs seek attorneys' fees under 42 U.S.C. § 1988.

## **CERTIFICATE OF SERVICE**

I certify that I have served the foregoing document by filing the same via CM/ECF which will electronically generate notice and service to all counsel of record.

Submitted on March 21, 2025.

**James M. Slater**
Georgia Bar No. 169869
james@slater.legal

SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283