UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>DEPUTY MONIQUE TRACEY, DEPUTY )<br>RAUL GOMEZ, DEPUTY SHENEQUA )<br>JACKSON, and ERICA SANCHEZ, )<br>)<br>  Defendants. ) | CIVIL ACTION FILE NO.:<br>1:24-cv-05158-TWT |

# **DEFENDANTS GOMEZ AND JACKSON'S INITIAL DISCLOSURES**

COME NOW, Raul Gomez and Shenequa Jackson, (hereinafter "Deputy Defendants") named as Defendants in the above-styled matter, and pursuant to Rule 26, Federal Rules of Civil Procedure, files their Initial Disclosures, respectfully showing the following:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Deputy Defendants do not dispute that they are correctly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Deputy Defendants do not contend that any additional parties should be added to this action at this time and specifically contend that they are not**

1

liable for any allegation in Plaintiff's Complaint. Deputy Defendants reserve the right to supplement this disclosure.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

On or about July 8, 2024, Plaintiff Ezra Smith ("Plaintiff") was arrested and booked into the Rockdale County Jail. Plaintiff was placed in Holding Cell 7 with multiple other inmates. The other inmates were booked into the jail and Plaintiff remained the only one in the cell. Early on July 9, 2024, Plaintiff became agitated and began banging on the cell door. After this, Plaintiff ceased banging on the cell door and making any noises from within Holding Cell 7.

Defendant Tracey approached the door of Holding Cell 7 to check on Plaintiff. Plaintiff wrapped the cord of the telephone on the wall around his neck and was kneeling on the floor by the telephone. Defendant Tracey called for help. Defendant Jackson grabbed the keys from the booking platform and opened the door. Defendant Jackson noticed that Plaintiff's face and head were purple. Defendant Jackson then pulled Plaintiff away from the phone and unwrapped the cord from around his neck. Defendant Tracey yelled for a nurse to come and help. Defendant Sanchez immediately came to Holding Cell 7 to assist. Defendant Gomez also came to Holding Cell 7 to assist around the same time as Defendant Sanchez. Deputy Defendants actively assisted in providing aid to Plaintiff. Ultimately, Plaintiff regained consciousness and EMS arrived and took Plaintiff to the hospital. Deputy Defendants generally were not aware of all of the alleged incidents involving Plaintiff while in Holding Cell 7/

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Const. Amend. IV**
**42 U.S.C. § 1983**
**O.C.G.A. § 13-6-11**
**O.C.G.A. § 16–10–24**
<u>Beshers v. Harrison</u>, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007)
<u>Carr v. City of Florence</u>, 916 F.2d 1521 (11th Cir. 1990)

**Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003)**
**Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004)**
**Dukes v. Deaton, 852 F.3d 1035, 1045-46 (11th Cir. 2017)**
**Evans v. St. Lucie County Jail, 448 Fed. Appx. 971, 974 (11th Cir. 2011)**
**Franklin v. Curry, 738 F.3d 1246 (11th Cir. 2013)**
**Goebert v. Lee County, 510 F.3d 1312 (11th Cir. 2007)**
**Jones v. Cannon, 174 F.3d 1271, 1283 n. 4 (11th Cir. 1999)**
**Keith v. DeKalb County, Georgia, 749 F.3d 1034 (11th Cir. 2014)**
**Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)**
**Maughon v. City of Covington, 505 Fed. Appx. 818 (11th Cir. 2013)**
**Nolin v. Isbell, 207 F.3d 1253, 1255 (11th Cir. 2000)**
**Penley v. Eslinger, 605 F.3d 843 (11th Cir. 2010)**
**Purcell v. Toombs County, 400 F.3d 1313 (11th Cir. 2005)**
**Rangel v. Forsyth County, WL 362128 at *4 (N.D.Ga. Feb 10, 2009)**
**Singletary v. Vargas, 804 F.3d 1174 (11th Cir. 2015)**
**Smith v. LePage, 834 F.3d 1285, 1298 (11th Cir. 2016)**
**Taylor v. Taylor, 649 Fed. Appx. 737 (11th Cir. 2016)**
**Williams v. DeKalb Cnty., 327 Fed. Appx. 156, 160 (11th Cir. 2009)**

**Deputy Defendants reserve the right to supplement this disclosure and to rely upon all relevant and emerging case precedent.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**At the time of filing these Initial Disclosures, Deputy Defendants have not identified an expert witness to testify at trial. Deputy Defendants reserve the right to amend their response to this disclosure should such expert be identified.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**At this time, Deputy Defendants do not claim any damages other than legal fees and expenses incurred in defense of this action.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Deputy Defendants make no such contention at this time; however, discovery has not yet begun and, as such, Deputy Defendants reserve the right to supplement this disclosure.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**Deputy Defendants reserve the right to supplement this disclosure.**

This 21st day of March, 2025.

        Respectfully submitted,

        **BUCKLEY CHRISTOPHER & HENSEL, P.C.**

        /s/ Timothy J. Buckley III
        TIMOTHY J. BUCKLEY III
        Georgia State Bar No. 092913
        ERIC J. O'BRIEN
        Georgia State Bar No. 383754
2970 Clairmont Road, NE    Attorneys for Deputies Gomez/Jackson
Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
eobrien@bchlawpc.com

# **ATTACHMENT A**

**Mr. Ezra Smith, Plaintiff:** has knowledge of his interactions with all Defendants and has knowledge of the facts and circumstances surrounding the alleged events. Plaintiff may be contacted through his counsel.

**Defendant Raul Gomez:** has knowledge of his interactions with Plaintiff and has knowledge of the facts and circumstances surrounding the alleged events. Mr. Gomez may be contacted through undersigned counsel.

**Defendant Shenequa Jackson:** has knowledge of her interactions with Plaintiff and has knowledge of the facts and circumstances surrounding the alleged events. Ms. Jackson may be contacted through undersigned counsel.

**Defendant Erica Sanchez:** has knowledge of her interactions with Plaintiff and has knowledge of the facts and circumstances surrounding the alleged events. Ms. Sanchez may be contacted through her counsel.

**Defendant Monique Tracey:** has knowledge of her interactions with Plaintiff and has knowledge of the facts and circumstances surrounding the alleged events. Ms. Tracey may be contacted through her counsel.

**Rockdale County Sheriff's Office Sgt. Tatum, Lt. Daniel, Cpl. Hall, Deputy Little, and Deputy Dieudonne** may have knowledge of the facts and circumstances surrounding the alleged events. These individuals may be contacted through the County Attorney and/or undersigned counsel.

**Unidentified Rockdale County Sheriff's Office employees** who may have knowledge of the facts and circumstances surrounding the alleged events. These individuals may be contacted through the County Attorney and/or undersigned counsel.

**All persons/entities identified in the Initial Disclosures of Plaintiff.**

**All persons/entities identified in the Initial Disclosures of Defendant Sanchez.**

**All persons/entities identified in the Initial Disclosures of Defendant Tracey.**

**As discovery is ongoing, Deputy Defendants reserve the right to supplement this disclosure and/or to identify additional witnesses through pleadings, briefs and discovery responses, depositions, etc.**

## **ATTACHMENT C**

**Defendant Gomez's Statement;**

**Defendant Jackson's Incident Report;**

**Rockdale County Sheriff's Office Jail Policies; and,**

**Defendants reserve the right to supplement this disclosure.**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed DEFENDANT'S INITIAL DISCLOSURES using the PACER system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Jeff Filipovits, Esq.<br>Wingo Smith, Esq.<br>Spears & Filipovits, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>jeff@civil-rights.law<br>wingo@civil-rights.law | James M. Slater, Esq.<br>Slater Legal PLLC<br>2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>james@slater.legal |
| Jason C. Waymire, Esq.<br>Williams & Waymire, LLC<br>4330 South Lee Street<br>Bldg. 400, Ste. A<br>Buford, Georgia 30581<br>jason@wmwlaw.com | Michael G. Frankson, Esq.<br>Antonio E. Veal, Esq.<br>Lindsey Adams, Esq.<br>Huff, Powell, & Bailey, LLC<br>999 Peachtree Street, Ste. 950<br>Atlanta, Georgia 30309<br>mfrankson@huffpowellbailey.com<br>aveal@huffpowellbailey.com<br>ladams@huffpowellbailey.com |

This 21st day of March, 2025.

        Respectfully submitted,[1]

        **BUCKLEY CHRISTOPHER & HENSEL, P.C.**

        /s/ Timothy J. Buckley III

---

[1] This is to further certify that this document was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1(C).

|  |  |
|---|---|
|  | TIMOTHY J. BUCKLEY III |
|  | Georgia State Bar No. 092913 |
|  | ERIC J. O'BRIEN |
|  | Georgia State Bar No. 383754 |
| 2970 Clairmont Road, NE | Attorneys for Deputies Gomez/Jackson |
| Suite 650 | |
| Atlanta, Georgia  30329 | |
| (404) 633-9230 | |
| (404) 633-9640 (facsimile) | |
| tbuckley@bchlawpc.com | |
| eobrien@bchlawpc.com | |