UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, | |
| Plaintiff, | Civil Action No.: 1:24-cv-05158-TWT |
| v. | |
| DEPUTY MONIQUE TRACEY, *et al.*, | |
| Defendants. | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1.    **Description of Case:**

(a)    Describe briefly the nature of this action.

Plaintiff Ezra Smith brings this lawsuit against three detention deputies and a nurse employed at the Rockdale County Jail for deliberate indifference under the Fourteenth Amendment. Mr. Smith asserts the following claims: Count I: deliberate indifference to a known risk of suicide under 42 U.S.C. § 1983 against two detention deputies, Defendants Tracey and Jackson; Count II: deliberate indifference to a known risk of suicide under 42 U.S.C. § 1983 against three detention deputies, Defendants Tracey, Gomez, and Jackson, and a nurse at the jail, Defendant Sanchez.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

<u>Plaintiff:</u>

On July 8, 2024, Plaintiff was placed into a holding cell at the Rockdale County Jail where he was to be processed by jail staff. While in the cell, he nearly successfully committed suicide by hanging with a telephone cord.

In Count I, Defendants Deputy Tracey and Deputy Jackson are alleged to have been deliberately indifferent to this risk of self-harm when they failed to take any action following a report by an inmate that Plaintiff was openly discussing killing himself. The events in Count I took place around 8:00 p.m.

In Count II, Defendant Tracey is alleged to be deliberately indifferent because she encouraged Plaintiff to kill himself when he again threatened to commit suicide. Defendants Deputy Jackson, Deputy Gomez, and Nurse Sanchez were alleged to be deliberately indifferent because they took no action after hearing Plaintiff threaten to commit suicide and Defendant Tracey's response in which she encouraged him to do so. The events in Count II took place around 1:30 a.m. on July 9, 2024, while Defendants Tracey, Jackson, Gomez, and Sanchez knew that Mr. Smith was alone in the booking cell with access to a telephone cord, which he then used to attempt suicide in the minutes after Defendant Tracey told him to hang himself.

<u>Defendant Tracey:</u>

On or about July 8, 2024, Plaintiff Ezra Smith ("Plaintiff") was arrested and

booked into the Rockdale County Jail. Plaintiff was placed in Holding Cell 7 with multiple other inmates. The circumstances made attempted suicide highly improbable. The other inmates were booked into the jail and Plaintiff remained the only one in the cell. Early on July 9, 2024, Plaintiff became agitated and began banging on the cell door. After this, Plaintiff ceased banging on the cell door and making any noises from within Holding Cell 7.

Defendant Tracey investigated by approaching the door of Holding Cell 7 to check on Plaintiff. Plaintiff had wrapped the cord of the telephone on the wall around his neck and was kneeling on the floor by the telephone. After that discovery Defendant Tracey called for help. Defendant Jackson responded and life-saving measures were initiated. Plaintiff regained consciousness and EMS arrived and took Plaintiff to the hospital.

<u>Defendants Gomez and Jackson:</u>

On or about July 8, 2024, Plaintiff Ezra Smith was arrested and booked into the Rockdale County Jail. Plaintiff was placed in Holding Cell 7 with multiple other inmates. The other inmates were booked into the jail and Plaintiff remained the only one in the cell. Early on July 9, 2024, Plaintiff became agitated and began banging on the cell door. After this, Plaintiff ceased banging on the cell door and making any noises from within Holding Cell 7.

Defendant Tracey approached the door of Holding Cell 7 to check on Plaintiff. Plaintiff wrapped the cord of the telephone on the wall around his neck and was kneeling on the floor by the telephone. Defendant Tracey called for help. Defendant Jackson grabbed the keys from the booking platform and opened the door. Defendant Jackson noticed that Plaintiff's face and head were purple. Defendant Jackson then pulled Plaintiff away from the phone and unwrapped the cord from around his neck. Defendant Tracey yelled for a nurse to come and help. Defendant Sanchez immediately came to Holding Cell 7 to assist. Defendant Gomez also came to Holding Cell 7 to assist around the same time as Defendant Sanchez. Deputy Defendants actively assisted in providing aid to Plaintiff. Ultimately, Plaintiff regained consciousness and EMS arrived and took Plaintiff to the hospital. Deputy Defendants generally were not aware of all of the alleged incidents involving Plaintiff while in Holding Cell 7. Deputy Gomez and Jackson deny they are liable to Plaintiff as alleged or otherwise.

Defendant Sanchez

On July 8-9, 2024, Defendant Sanchez was a nurse at the Rockdale County Jail pursuant to her employment agreement with NaphCare. On July 8, Defendant Sanchez was not aware of who, if anyone, was present within the holding cell because no inmate was placed her queue for medical assessment. In the early morning hours of July 9, Defendant Sanchez gained information that informed her

that a then-unidentified inmate was in a holding cell. Within a short period of time after obtaining this information and before she could identify who was present or why, she immediately and timely responded to the holding cell where she provided high quality resuscitative care and treatment to respond to Plaintiff's attempt to commit suicide. Based on the care, treatment, and efforts of Defendant Sanchez and other Rockdale County Sheriff's Office employees or agents, Plaintiff regained consciousness. Plaintiff was transported to the hospital via EMS. Defendant Sanchez denies that she is liable to Plaintiff under his alleged claims.

      (c)    The legal issues to be tried are as follows:

Plaintiff:

Whether Defendants are liable for deliberate indifference to the risk of self-harm under 42 U.S.C. § 1983 and the Fourteenth Amendment;

    The amount of compensatory damages, if any, recoverable by Plaintiff; and

    The amount of attorney's fees, if any, recoverable by Plaintiff.

Defendant Tracey:

Facts relating to the underlying incident and Plaintiff's liability claim against Defendant Tracey;

    Facts relating to Plaintiff's claimed damages;

    Facts pertinent to Defendant Tracey's defenses in this action.

<u>Defendants Gomez and Jackson:</u>

Whether Defendants Gomez and Jackson are protected by qualified immunity, official immunity, governmental immunity, 11th Amendment, and sovereign immunity;

Whether Defendants Gomez and Jackson personally participated in any of the allegations in Plaintiff's complaint;

The amount of Plaintiff's damages attributable to each Defendant.

<u>Defendant Sanchez:</u>

Whether Defendant Sanchez had actual, real-time knowledge of any information (incredible or otherwise) that would show that there was a strong likelihood that Plaintiff would self-harm.

Whether Defendant Sanchez had actual, real-time knowledge of any information (incredible or otherwise) that would show that there was even a mere possibility that Plaintiff would self-harm.

If there was some information that could show that Defendant Sanchez had the requisite, actual, and real-time knowledge, whether she deliberately disregarded the information in a manner the shows more than mere negligence.

Whether the real time information available to Defendant Sanchez only showed a mere opportunity for suicide.

Whether Plaintiff has waived his deliberate indifference claim relating to the alleged provision of inadequate medical or mental health treatment.

Whether Plaintiff is entitled to any damages from Defendant Sanchez.

Whether there is evidence sufficient to support a claim for punitive damages.

(d)    The cases listed below (include both style and action number) are:

      (1) Pending Related Cases: **None.**
      (2) Previously Adjudicated Related Cases: **None.**

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ (1)  Unusually large number of parties
    \_\_\_\_\_ (2)  Unusually large number of claims or defenses
    \_\_\_\_\_ (3)  Factual issues are exceptionally complex
    \_\_\_\_\_ (4)  Greater than normal volume of evidence
    \_\_X\_\_ (5)   Extended discovery period is needed
    \_\_\_\_\_ (6)  Problems locating or preserving evidence
    \_\_\_\_\_ (7)  Pending parallel investigations or action by government
    \_\_\_\_\_ (8)  Multiple use of experts
    \_\_\_\_\_ (9)  Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:    **Jeff Filipovits, Wingo Smith, James Slater**

Defendant Tracey: **Jason Waymire**

Defendants Gomez and Jackson: **Timothy Buckley, Eric O'Brien**

Defendant Sanchez: **Antonio Veal, Michael G. Frankson, Lindsey Adams**

**4.    Jurisdiction: Is there any question regarding this Court's jurisdiction?
_____Yes, _X___No**

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

    (a)    The following persons are necessary parties who have not been joined: **None.**

    (b)    The following persons are improperly joined as parties: **None.**

    (c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

    (d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

To whatever extent it is necessary to amend any pleading, the parties will

proceed under Fed. R. Civ. P. 15.

    (b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed,

or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.    Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

## 9.    Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

No.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

<u>Defendant Sanchez:</u>

Fact discovery is required as to Plaintiff, Plaintiff's family or other witnesses relating to damages, Plaintiff's treating physicians, co-defendants, and other jail staff. To the extent necessary based on Plaintiff's discovery responses expert discovery will be required relating to standard of care, causation, and damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Due to the involvement of four separate law firms, and several trial conflicts this spring and summer, the parties request that this case be assigned to an eight-month discovery track.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties agree that discovery material (both requests and responses) may be served via electronic means and that no party requires service via U.S. mail. The parties agree that they will share an obligation to acknowledge receipt of any emailed discovery by responding to that email. The parties further agree that, upon request, for any discovery served via electronic means, three days shall be added to time for any necessary response as set forth in Fed. R. Civ. P. 6(d).

The parties reserve the right to request that any party who has produced discovery responses via electronic means to also supply a physical copy of those responses.

(b)    Is any party seeking discovery of electronically stored information?
____X____ Yes    _____ No. If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties do not believe any limitation is necessary at this point because they do not anticipate that the requests for ESI involved in this case will involve any complications beyond those of ordinary discovery.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties may produce electronic information in PDF format. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native and unaltered format which preserves all metadata and other information.

For any data that cannot be exported in PDF or native format, that data should be exported to a CSV or plain text file which preserves all data. For any electronic evidence which requires a proprietary or specialized software, to view or play (e.g., video evidence), the parties agree to produce a copy of that software. Alternatively, for videos that use a proprietary software, Parties may request that the entity in possession of the videos convert or export the videos into a non-proprietary format.

(3)    In the absence of agreement on issues regarding the discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties do not request a scheduling conference related to the issues of electronically stored information.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties request the Court to grant leave to depose incarcerated persons without the need for any further order. See Fed.R.Civ.P. 30(a)(2)(B). The Parties also

request the Court permit them to take more than ten depositions due to the number of parties and potential witnesses. See Fed.R.Civ.P. 32(a)(2)(A)(i).

**13.    Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **March 18, 2025**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):    **James Slater**
                                            **Wingo Smith**

For Defendant Tracey (signature):  **Jason Waymire**

For Defendants Gomez and Jackson (signature): **Timothy Buckley**

For Defendant Sanchez (signature):  **Antonio Veal**


(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_x__) A possibility of settlement before discovery.
(_x__) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c)    Counsel(__x__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d)    The following specific problems have created a hindrance to settlement of this case.

        None.

**14.    Trial by Magistrate Judge: Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Signed on March 19, 2025.

| | |
|---|---|
| SPEARS & FILIPOVITS, LLC<br>Attorneys for Plaintiff<br><br>**Jeff Filipovits**<br>Jeff Filipovits<br>Georgia Bar No. 825553<br><br>**Wingo Smith**<br>Wingo Smith<br>Georgia Bar No. 147896<br><br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, GA 30030<br>(404) 905-2225<br>jeff@civil-rights.law<br>wingo@civil-rights.law | SLATER LEGAL PLLC<br>Attorneys for Plaintiff<br><br>**James M. Slater**<br>James M. Slater<br>Georgia Bar No. 169869<br><br>2296 Henderson Mill Rd NE #116<br>Atlanta, Georgia 30345<br>(404) 458-7283<br>james@slater.legal |
| BUCKLEY CHRISTOPHER & HENSEL, P.C.<br>Attorneys for Defendants Gomez and Jackson<br><br>**Timothy J. Buckley III**<br>Timothy J. Buckley III<br>Georgia Bar No. 092913 | WILLIAMS & WAYMIRE, LLC<br>Attorneys for Defendant Tracey<br><br>**Jason C. Waymire**<br>Jason C. Waymire<br>Georgia Bar No. 742602 |

| | |
|---|---|
| **Eric J. O'Brien**<br>Eric J. O'Brien<br>Georgia Bar No. 383754<br><br>2970 Clairmont Road, NE<br>Suite 650<br>Atlanta, Georgia 30329<br>(404) 633-9230<br>tbuckley@bchlawpc.com<br>eobrien@bchlawpc.com | Building 400, Suite A<br>4330 South Lee Street, NE<br>Buford, Georgia 30518<br>(678) 541-0790<br>(678) 541-0789<br>jason@wmwlaw.com |
| | HUFF, POWELL & BAILEY, LLC<br>Attorneys for Defendant Sanchez<br><br>**Antonio E. Veal**<br>Antonio E. Veal<br>Georgia Bar No. 460007<br><br>999 Peachtree Street, Suite 950<br>Atlanta, Georgia 30309<br>(404) 892-4022<br>aveal@huffpowellbailey.com |

\* \* \* \* \* \* \* \* \* \* \* \*

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

**Any party may take the deposition of an incarcerated person, including a Plaintiff, at any time within the discovery period upon reasonable notice to the incarcerated person's custodian and all other parties. See Fed.R.Civ.P. 30(a)(2)(B).**

IT IS SO ORDERED, this ____ day of _____, 2025.


_____
HONORABLE THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE