UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY MONIQUE TRACEY, *et al.*,<br><br>    Defendants. | Civil Action No.: 1:24-cv-05158-TWT |

## ORDER GRANTING CONSENT PROTECTIVE ORDER

This Court having read and considered the Plaintiff, Defendant Sanchez's and nonparty Naphcare, Inc.'s ("Naphcare") request for a Protective Order and for good cause shown, hereby orders the following:

1.

Information produced by Naphcare, informally or responsive to any Party's discovery requests relating to policies and procedures, personnel records, investigation files, training programs, financial records, business records, or documents Naphcare claims to contain personal, private, proprietary, or trade secret information and where Naphcare claims in writing at the time of delivery of the

*1*

documents to contain such information, shall hereafter be referred to as "Protected Documents."

When used in this Protective Order the word "document(s)" means all written material; audio or video recordings; records kept by digital, electronic, photographic, or mechanical means; and all other tangible items. Naphcare will visibly mark all Protected Documents "Pursuant to Protective Order," "Confidential," "Protected," or designate the Bates Numbers of the documents being produced subject to this Protective Order. Except as otherwise indicated below, documents identified and marked by Naphcare as stated above that are produced or delivered to Plaintiff, Defendants, or their respective attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below.

2.

Accidental production of confidential materials or Protected Documents by Naphcare shall not constitute a waiver of confidentiality or their rights under this Protective Order. Naphcare may assert the confidentiality of the document or thing after the inadvertently produced document or thing is received by Plaintiff, Defendants or their respective attorneys, consultants, agents, or experts.

3.

Both the "Protected Documents" and the information contained therein shall be treated by all parties as confidential. If a Party or its counsel disagrees with Naphcare's designation in relation to any specific document or documents, such counsel shall notify Naphcare's counsel in writing of said disagreement identifying any such document or documents that are the subject of disagreement. If there is any disagreement and counsel for the Parties cannot agree upon the materials to be covered by this Protective Order, the Party asserting confidentiality shall assert its request following the Fed. R. C. P. 26(c), 37(a), and the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia. The Party asserting the privilege shall have the burden of showing that such information and documents constitute protected information. Pending that determination by the Court, all documents designated as "Protected Documents" shall be considered confidential.

4.

The documents subject to this Protective Order may, even though protected, be distributed, shown, and disseminated to the following persons:

a) Plaintiff, Defendants, and their respective counsel of record in this case, including other members of counsel's law firm and other counsel

associated to assist in preparation or trial of <u>the above-styled civil action</u> <u>***only***</u>;

b) Employees of Plaintiff's or Defendants' respective counsel, or of associated counsel, who assist in the preparation or trial of <u>the above-styled civil action ***only***</u>;

c) Experts and consultants retained by the Plaintiff or Defendants for the preparation or trial of <u>the above-styled civil action ***only***</u>;

d) To a named party <u>the above-styled civil action ***only***</u>;

e) The Court, the Court's staff, witnesses, court reporters, and the jury <u>the above-styled civil action ***only***</u>;

f) Mediator(s) who mediate <u>the above-styled civil action ***only***</u>, if any;

g) Arbitrator(s) who arbitrate <u>the above-styled civil action ***only***</u>; if any; and,

h) Potential Witnesses in <u>the above-styled civil action ***only***</u>; if any.

5.

Before giving access to any of the "Protected Documents" or the information contained therein, each person described in paragraphs 4(c), 4(f) – 4(h) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and if applicable, a statement will be made on the record by defense counsel that the persons shall be bound by its terms and to submit to the jurisdiction of the Court.

6.

To the extent the "Protected Documents" or information contained therein are used in the taking of a deposition in the above-styled civil action *only*, such documents or information shall remain subject to the provision of this Protective Order; however, they may be shown to witnesses being deposed in this case and the court reporter and videographer.

7.

Upon execution by counsel, this Protective Order shall be binding upon the parties hereto and upon their attorneys, successors, executives, personal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or any other persons or organizations over which they have control.

8.

The Parties and Nonparties (as the case may be) agree that upon completion of the trial and appeals, if any, or the satisfaction of any judgement, or upon conclusion of any settlement (if any), the Parties and their respective attorneys (including any associated counsel), and their consulting and designated expert witnesses, shall maintain the confidentiality of the subject documents and return and hard copies at the request of defense counsel, or in the alternative to returning hard

copies, provide certification of destruction of the subject documents to defense counsel.

9.

Nothing in this Order shall prevent the Parties or Nonparties from using the "Protected Documents" or the information they contain in connection with any trial, hearing, or public proceeding in the above-styled civil action ***only***, or from seeking further protection or further relief from the Court in the above-styled civil action ***only***. In the event the "Protected Documents" are used in any trial or hearing, the "Protected Documents" do not lose their confidential status, and the Parties will address the Court about the treatment of those Protected Documents going forward to preserve the confidentiality of those documents.

10.

Nothing in this Order shall be deemed a waiver of any type of privilege or other objection applicable to any type of information in this or any other action or proceeding. Nothing in this Order shall be construed to affect the evidentiary admissibility of any "Protected Documents" or the information contained therein.

11.

Nothing herein shall prevent Naphcare from designating additional documents as "Confidential" or "Protected" as discovery in this matter continues or prevent a Party from opposing same.

SO ORDERED, this 2nd day of July, 2025.

_____
HONORABLE THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE