## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EZRA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:24-cv-05158-TWT** |
| **v.** | ) | |
| | ) | |
| **DEPUTY MONIQUE TRACEY,** | ) | <u>**Demand for Jury Trial**</u> |
| **DEPUTY RAUL GOMEZ, DEPUTY** | ) | |
| **SHENEQUA JACKSON, and ERICA** | ) | |
| **SANCHEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>DEFENDANT ERICA SANCHEZ'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendant Erica Sanchez asserts the following defenses to the Plaintiff's complaint, showing the Court as follows:

## <u>FIRST DEFENSE</u>

The complaint fails to state a claim against this defendant upon which relief may be granted.

## <u>SECOND DEFENSE</u>

This Court lacks subject matter jurisdiction over the claims against this defendant.

## THIRD DEFENSE

Plaintiff to allege an actionable Section 1983 Claim in the following respects: (a) Plaintiff failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit; (b) Plaintiff failed to set forth a grave deprivation in regard to any allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit; (c) Plaintiff merely disagrees with the course of healthcare treatment, which is not actionable under 42 U.S.C. §1983; and (d) Plaintiff alleges only a difference of opinion among medical providers, which is not actionable under 42 U.S.C. §1983.

## FOURTH DEFENSE

The plaintiff has failed to comply with the requirements of O.C.G.A. § 9-11-9.1 as to this defendant.

## FIFTH DEFENSE

The plaintiff's alleged damages may have been caused, in whole or in part, by the conduct of others over whom this defendant exercised no control and for whose conduct this defendant is not responsible.

## SIXTH DEFENSE

No act or omission on the part of this defendant caused or contributed in causing any of the plaintiff's alleged injuries and damages.

## SEVENTH DEFENSE

This defendant asserts the defense of intervening/superseding causation.

## EIGHTH DEFENSE

To the extent that this defendant rendered medical care to the plaintiff, it at all times met or exceeded that reasonable degree of care and skill exercised by medical providers generally, under similar and like circumstances.

## NINTH DEFENSE

This defendant is not a jail official, and therefore, to the extent the only viable claims are against jail officials, the claims against this defendant must be dismissed.

## TENTH DEFENSE

There has been an insufficiency of process as to this defendant.

## ELEVENTH DEFENSE

There has been an insufficiency of service of process on this defendant.

## TWELFTH DEFENSE

To the extent Plaintiff received or receives compensation pursuant to settlement(s) with any party, Defendant is entitled to receive a dollar-for-dollar credit

and/or setoff against a judgment entered against them, if any, for the amount of the settlement(s).

## THIRTEENTH DEFENSE

Plaintiff has failed to allege the elements for punitive damages because he has not alleged, and there does not exist, any conduct attributable to Defendant Sanchez that was motivated by an evil intent or motive or that involved reckless or callous indifference to his rights.

## FOURTEENTH DEFENSE

Defendant failed to mitigate his damages.

## FIFTEENTH DEFENSE

Defendant was contributorily negligent and assumed the risk of his actions, which caused any damages he purportedly sustained.

## SIXTEENTH DEFENSE

Plaintiff's claims against Defendant may be barred by absolute or qualified immunity.

## SEVENTEENTH DEFENSE

To avoid waiver, Defendant pleads all affirmative defenses more fully set forth in Fed. R. Civ. P. 12.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend her affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for the same.

This defendant responds to the specifically delineated portions of the plaintiff's complaint as follows:

## Jurisdiction and Venue

### 1.

Defendant Sanchez denies the allegations in paragraph 1 of Plaintiff's Complaint.

### 2.

Defendant Sanchez denies the allegations in paragraph 2 of Plaintiff's Complaint.

### 3.

Defendant Sanchez admits the allegations in paragraph 3 of Plaintiff's complaint.

## Parties

### 4.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

### 5.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

### 6.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

### 7.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant Sanchez admits she resides in Rockdale County, Georgia and is an employee of NaphCare. Defendant Sanchez denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

**Factual Allegations**

9.

Defendant Sanchez denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint. Generally, Defendant Sanchez relies on the medical records and collective memories of the medical providers, and to the extent Plaintiff's allegations are inconsistent with or contradicted by the records or memories, Defendant denies the same.

12.

Defendant Sanchez does not have a current or specific recollection of the allegations in paragraph 12 of the Complaint. Generally, Defendant Sanchez relies on the medical records and collective memories of the medical providers, and to the extent Plaintiff's allegations are inconsistent with or contradicted by the records or memories, Defendant denies the same.

13.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant Sanchez denies the allegations contained in paragraph 20 of Plaintiff's Complaint as stated.

21.

Defendant Sanchez denies that she was in "earshot." Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint but would rely on a complete and authenticated video capturing the events discussed in paragraph 21. Defendant Sanchez denies any allegations that are inconsistent with the complete and authenticated video of the events.

22.

Defendant Sanchez denies as stated the allegations contained in paragraph 22 of Plaintiff's Complaint. Defendant admits that she documented what she heard and observed and relies on those records. Defendant Sanchez denies any allegations that is inconsistent with her written records and her memory as refreshed by said records.

23.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant Sanchez denies the allegations contained in paragraph 24 of Plaintiff's Complaint as stated.

25.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant Sanchez denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint but would rely on a complete and authenticated video capturing the events discussed in paragraph 28. Defendant Sanchez denies any allegations that are inconsistent with the complete and authenticated video of the events.

29.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint but would rely on a complete and authenticated video capturing the events discussed in paragraph 30. Defendant Sanchez denies any allegations that are inconsistent with the complete and authenticated video of the events.

31.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint. Generally, Defendant Sanchez relies on the medical records and collective memories of the medical providers, and to the extent Plaintiff's allegations are inconsistent with or contradicted by the records or memories, Defendant denies the same.

32.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.

Defendant Sanchez relies on the medical records and collective memories of the medical providers, and to the extent Plaintiff's allegations are inconsistent with or contradicted by the records or memories, Defendant denies the same.

34.

Defendant Sanchez denies the allegations contained in paragraph 34 of Plaintiff's Complaint as stated. Generally, Defendant Sanchez relies on the medical records and collective memories of the medical providers, and to the extent Plaintiff's allegations are inconsistent with or contradicted by the records or memories, Defendant denies the same.

35.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint. Generally, Defendant Sanchez relies on the medical records and collective memories of the medical providers, and to the extent Plaintiff's allegations

are inconsistent with or contradicted by the records or memories, Defendant denies the same.

36.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint. Generally, Defendant Sanchez relies on the medical records and collective memories of the medical providers, and to the extent Plaintiff's allegations are inconsistent with or contradicted by the records or memories, Defendant denies the same.

38.

Defendant Sanchez denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint.

## COUNT I
### Deliberate Indifference Under the Fourteenth Amendment
### (as to Tracey and Jackson)

Defendant Sanchez reasserts all allegations, denials and defenses contained in this Answer.

40.

This paragraph does not require a response from Defendant Sanchez. To the extent a response is required, Defendant Sanchez denies all allegations.

41.

This paragraph does not require a response from Defendant Sanchez. To the extent a response is required, Defendant Sanchez denies all allegations.

42.

This paragraph does not require a response from Defendant Sanchez. To the extent a response is required, Defendant Sanchez denies all allegations.

43.

This paragraph does not require a response from Defendant Sanchez. To the extent a response is required, Defendant Sanchez denies all allegations..

44.

This paragraph does not require a response from Defendant Sanchez. To the extent a response is required, Defendant Sanchez denies all allegations..

## <u>COUNT II</u>
### Deliberate Indifference Under the Fourteenth Amendment (as to all Defendants)

Defendant Sanchez reasserts all allegations, denials and defenses contained in this Answer.

45.

Defendant Sanchez denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.

Defendant Sanchez denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.

Defendant Sanchez denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.

Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.

Defendant Sanchez denies the allegations contained in paragraph 50 of Plaintiff's Complaint, as stated.

51.

Defendant Sanchez denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.

Defendant Sanchez denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

To the extent any allegation remains unanswered, Defendant Sanchez denies that allegation.

WHEREFORE, Defendant Sanchez requests that this Court deny Plaintiff's requests within his Prayer for Relief and that judgment be entered in her favor, with costs cast against Plaintiff.

Respectfully submitted this 11th day of July, 2025.

**HUFF, POWELL & BAILEY, LLC**

*/s/ Antonio E. Veal*

Michael G. Frankson
Georgia Bar No. 173835
Antonio E. Veal
Georgia Bar No. 460007
Lindsey Adams
Georgia Bar No. 288816

*Counsel for Defendant Erica Sanchez*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
mfrankson@huffpowellbailey.com
aveal@huffpowellbailey.com
ladams@huffpowellbailey.com

*18*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served true and correct copies of the above and foregoing **DEFENDANT ERICA SANCHEZ'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties or their counsel of record via statutory electronic delivery, to said parties or their counsel of record as follows:

Jeff Filipovits
Wingo Smith
**SPEARS & FILIPOVITS, LLC**
315 W. Ponce de Leon Ave, Suite 865
Decatur, GA 30030
jeff@civil-rights.law
wingo@civil-rights.law

James M. Slater
**SLATER LEGAL, PLLC**
2296 Henderson Mill Rd. NE #116
Atlanta, GA 30345

*Attorneys for Plaintiff*

M. Qadar Baig
**M. Qadar A. Baig & Associates, LLC**
913 B Commercial Street
Conyers GA30012
mqab@mqablaw.com

*Attorney for Defendant Jackson & Gomez*

Timothy J. Buckley III
**BUCKLEY CHRISTOPHER & HENSEL, P.C.**
2970 Clairmont Road, NE
Suite 650
Atlanta GA30329

*19*

tbuckley@bchlawpc.com

Eric J. O'Brien
**BUCKLEY CHRISTOPHER & HENSEL, P.C.**
2970 Clairmont Road, NE
Suite 650
Atlanta GA30329
eobrien@bchlawpc.com

*Attorneys for Defendant Gomez*

Jason C. Waymire
**Williams & Waymire, LLC**
4330 South Lee Street
Bldg. 400, Suite A
Buford GA30518

*Attorney for Defendant Tracey*

Respectfully submitted this 11th day of July, 2025.

                    **HUFF, POWELL & BAILEY, LLC**

                    */s/ Antonio E. Veal*
                    Michael G. Frankson
                    Georgia Bar No. 173835
                    Antonio E. Veal
                    Georgia Bar No. 460007
                    Lindsey Adams
                    Georgia Bar No. 288816

                    *Counsel for Defendant Erica Sanchez*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022

mfrankson@huffpowellbailey.com
aveal@huffpowellbailey.com
ladams@huffpowellbailey.com