UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY MONIQUE TRACEY, *et al.*,<br><br>    Defendants. | Civil Action No.: 1:24-cv-05158-TWT |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND INCORPORATED BRIEF IN SUPPORT**

Pursuant to Rule 12(f), Plaintiff Ezra Smith files this motion to strike the following affirmative defenses raised by Defendant Erica Sanchez is her answer to Plaintiff's complaint (Doc. 52):

- Defense No. 1 for failure to state a claim;
- Defense No. 4 for failure to attach an accompanying affidavit under OCGA § 9-11-9.1;
- Defense Nos. 10 & 11 for insufficiency of process and service; and
- Defense No. 16 for absolute and qualified immunity.

As explained below, these defenses are either waived, resolved through the Court's order denying Defendant Sanchez's motion to dismiss, or legally impermissible

based on the legal claims asserted and Defendant Sanchez's employment at the Rockdale County Jail as the employee of a private health contractor.

I.     BACKGROUND

Plaintiff Ezra Smith's complaint alleges that Defendant Erica Sanchez, a nurse at the Rockdale County jail under the employ of a private health company called Naphcare (*see* Doc. 1 ¶ 8 & Doc. 52 ¶ 8 (admitting this)), knew that Plaintiff, a person incarcerated there, warned jailers that he was suicidal. She also knew that a deputy responded by that warning by taunting Plaintiff and daring him to commit suicide. Sanchez knew that Plaintiff was alone in a jail cell, and that he had access to a telephone cord that he could easily use to kill himself. In response, Sanchez did nothing. Shortly thereafter, Plaintiff wrapped the telephone cord around his neck and was nearly successful in killing himself. (*See, generally*, Doc. 1). Plaintiff has sued her for violating his rights under the Fourteenth Amendment.

Defendant Sanchez moved to dismiss the complaint (Doc. 11), which the Court denied. (Doc. 47). In responding to Defendant Sanchez's motion to dismiss, Plaintiff explained that qualified immunity was not available to Defendant Sanchez by virtue of her employment with a private health contractor. (Doc. 20, at 17) (collecting cases). Defendant Sanchez has now answered the complaint but raises several defenses that are either not available to her, waived, or resolved. Plaintiff's counsel has given Defendant Sanchez an opportunity to amend her answer to

2

withdraw these defenses, but she will not agree to do so,[1] necessitating this motion.

## II.    ARGUMENT

### A. Applicable legal standard

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, [or] impertinent ... matter." Fed. R. Civ. P. 12(f). The primary purpose of a motion to strike is "to avoid the unnecessary expenditure of judicial resources and the parties' time and money addressing spurious issues." *Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019) (collecting cases). The movant bears the burden to demonstrate either that the defense on its face is "patently frivolous" or it is "clearly invalid as a matter of law." *Equal Employment Opportunity Comm'n v. Univ. of Miami*, 2020 WL 2739711, at *2 (S.D. Fla. May 22, 2020) (citation omitted). An affirmative defense is invalid as a matter of law only if "the defendant cannot succeed under any set of facts that it could prove." *Id.* (citing *Equal Employment Opportunity Comm'n v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980)).

---

[1] Defendant Sanchez would agree to withdraw her fourth defense (regarding the affidavit under state law) if Plaintiff stipulated not to amend the complaint to add a claim for medical negligence under Georgia law. She therefore concedes that the defense is not proper here in the absence of such a claim. If Plaintiff were to seek leave to amend the complaint to add such a claim, nothing will prevent her from raising the defense at that appropriate time.

## B. Defense No. 1 for failure to state a claim has been resolved

The Court should strike Defendant Sanchez's first defense because it has already determined that the complaint plausibly states a claim.

A "defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 186 F. Supp. 3d 1370, 1374 (N.D. Ga. 2016) (quoting *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988)). Thus, the defense of failure to state a claim is a denial, not an affirmative defense, because it is "just pointing out a defect in plaintiff's prima facie case is not an affirmative defense." *Luxottica*, 186 F. Supp. 3d at 1374 (citations omitted). The defense is outlined in Rule 12(b)(6) and may be raised either by responsive pleading, like Defendant Sanchez's answer, or in a motion.

When the defense is "merely raised in the responsive pleading it is typically ignored as a harmless nullity unless and until the defendant has, by motion, provided facts and/or legal authority to support the defense." *Id.* at 1375 (citation omitted). On the other hand, when a court has already ruled on the defense by motion and has allowed the complaint to proceed, the defense becomes "immaterial because the Court has already determined" that the complaint "states a plausible claim upon which relief can be granted . . . ." *Id.* at 1375–76 (striking the defense of failure to state a claim on that basis). Here, the Court should strike

Defense No. 1 because it has already determined that Plaintiff's complaint plausibly states a claim. (Doc. 47, at 16) ("In sum, Smith has sufficiently stated a claim for deliberate indifference against Sanchez.").

### C. Defense No. 4 for failure to attach an affidavit required in medical negligence cases is not applicable in this context

Next, the Court should easily dispense with Defendant Sanchez's assertion that the complaint fails because Plaintiff has not provided an accompanying affidavit required under Georgia law for professional malpractice cases.

OCGA § 9-11-9.1(a) provides that "[i]n any action for damages alleging professional malpractice ... the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." This Code section "applies to any action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care." *Epps v. Gwinnett County*, 231 Ga. App. 664, 666, 499 S.E.2d 657, 660 (Ga. Ct. App. 1998). And Georgia law defines "action for medical malpractice" as "any claim for damages resulting from the death of or injury to any person arising out of ... [h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control

5

of the lawfully authorized person ...." OCGA § 9-3-70.

But Plaintiff's complaint does not state a claim for professional malpractice, but rather Defendant Sanchez's failure to adequately respond to objective facts supporting a serious risk of self-harm. *Alba v. Montford*, 517 F.3d 1249, 1254 (11th Cir. 2008) (affidavit requirement did not apply in a *Bivens* action without allegation concerning exercise of professional medical judgment); *see id.* at 1255 (citing *Upson County Hosp., Inc. v. Head,* 246 Ga.App. 386, 540 S.E.2d 626, 630 (Ga. Ct. App. 2000) ("Whether an action alleges professional malpractice or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill," quoting *Mendoza v. Pennington,* 239 Ga.App. 300, 519 S.E.2d 715, 716 (Ga. Ct. App. 1999)).

Indeed, Defendant Sanchez has repeatedly asserted in this case that Plaintiff was not her patient. (Doc. 11-1, at 13) ("The facts show that prior to 1:28 a.m., Defendant Sanchez did not know who, if anyone, was present in the Cell 7 because there was no one in her queue to assess and no one made her aware of Plaintiff's identifying information."); (*id.*, at 6) ("Finally, because Plaintiff had not yet been processed, Defendant Sanchez was not yet responsible for providing medical services to Plaintiff."). Thus, based on the claims asserted here, there is no claim that Defendant Sanchez committed medical malpractice, but rather that she was deliberately indifferent to Plaintiff's risks of self-harm.

Moreover, federal courts do not apply state-law procedural rules. *Durden v. Newton Cnty., Ga.*, 2015 WL 71446, at *2 (N.D. Ga. Jan. 5, 2015) ("This Court has previously held that O.C.G.A. § 9–11–9.1 does not apply in federal courts because it is a procedural obligation, not substantive state law."). *See also Zurich Am. Ins. Co. v. Sheffer Eng'g Co.,* 2011 WL 344095, at *4 (N.D.Ga. Jan.31, 2011) ("[T]his Court has consistently held that O.C.G.A. § 9–11–9.1 does not apply in federal court."). Thus, even if there were some defect here (there is none), Defendant Sanchez's defense would still be improper and in conflict with the *Erie* doctrine. Her fourth defense should be stricken.

### D. Defenses Nos. 10 & 11 regarding service and process are waived

For her tenth and eleventh defenses, without factual support, Defendant Sanchez raises defects concerning service and process. Putting aside that these defenses are nothing more than "bare-bones conclusory allegations," *Luxottica*, 186 F. Supp. 3d at 1374–75, the Court should strike them because they were not timely raised.

Challenges to service of process will be a waived if not raised in the first response to a plaintiff's complaint. Fed. R. Civ. P. 12(h) (providing that the defense of insufficiency of service of process is waived by failing to raise the defense in a Rule 12 motion or include it in the first responsive pleading). Once a litigant has waived the objection to insufficient service of process, "the court may not, either

7

upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction or insufficient service of process." *Bynum v. Clayton Cnty. Pub. Sch.*, 2016 WL 9460455, at *2 (N.D. Ga. June 13, 2016) (citation omitted).

Here, because Defendant Sanchez filed a pre-answer motion to dismiss under Rule 12, her failure to include any defects in service or process amounts to a waiver of her right to raise those now in her post-motion answer. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("a litigant must cite each separate Rule 12(b) defense in the pre-answer motion or if no pre-answer motion is filed, then in the responsive pleading"); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 2014) ("Under [Rule] 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion."). Accordingly, Defendant Sanchez's tenth and eleventh defenses should be stricken.

### E. Defense No. 16 for absolute and qualified immunity is barred

Finally, the Court should strike Defense No. 16 for absolute and qualified immunity. As explained in his response to Defendant Sanchez's motion to dismiss, she is not entitled to immunity because of her status as an employee for the jail's private health contractor. (*See* Doc. 52 ¶ 8 (admitting role as a Naphcare employee)).

8

The Eleventh Circuit and Supreme Court are clear on this point as to qualified immunity. *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004) (agreeing that a private entity, which was a private corporation under contract to provide medical care to inmates at the county jail, was not entitled to assert a qualified immunity defense); *Hinson v. Edmond*, 192 F.3d 1342, 1345 (11th Cir. 1999), amended, 205 F.3d 1264 (11th Cir. 2000) (holding that a "privately employed prison physician" was "ineligible to advance the defense of qualified immunity"); *Richardson v. McKnight*, 521 U.S. 399 (1997) (holding that privately employed prison guards are state actors but are not entitled to assert the defense of qualified immunity).

And as for "absolute immunity," there are no set of facts in this case that would entitle Defendant Sanchez to such immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (The Supreme Court has explained that there is absolute immunity in a civil suit for damages under § 1983 actions when engaging in activities "intimately associated with the judicial phase of the criminal process.").

This defense should be stricken.

### III. CONCLUSION

For all these reasons, the Court should strike Defendant Sanchez's defenses nos. 1, 4, 10-11, and 16.

Dated: July 18, 2025

Respectfully submitted,

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
(404) 905-2225
jeff@civil-rights.law
wingo@civil-rights.law

SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283
james@slater.legal

**Wingo Smith**
Wingo Smith
Georgia Bar No. 147896

Jeff Filipovits
Georgia Bar No.  825553

**James M. Slater**
James M. Slater
Georgia Bar No. 169869

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

Dated: July 18, 2025.

|  |  |
|---|---|
| SLATER LEGAL PLLC<br>2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>(404) 458-7283<br>james@slater.legal | **James M. Slater**<br>James M. Slater<br>Georgia Bar No. 169869 |