IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:24-cv-05158-TWT |
| v. ) | |
| ) | |
| DEPUTY MONIQUE TRACEY, ) | |
| DEPUTY RAUL GOMEZ, DEPUTY ) | |
| SHENEQUA JACKSON, and ERICA ) | |
| SANCHEZ, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ERICA SANCHEZ'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant Erica Sanchez ("Defendant Sanchez") submits her Response in Opposition to Plaintiff's Motion to Strike.

**I.   INTRODUCTION**

This Court should deny Plaintiff's Motion to Strike because the alleged defenses provide adequate notice to Plaintiff of potential defenses or issues within this matter, properly comply with the Federal Rules of Civil Procedure that directly apply to the allegations, and are logically related to Plaintiff's causes of action. Because these defenses are properly pleaded, Plaintiff cannot meet his burden of showing that the defenses are insufficient, redundant, immaterial, impertinent, patently frivolous, or clearly invalid as a matter of law. In considering the instant

Motion, this Court should refer to prior rulings and commentary that practically discuss alleged defenses and motions to strike as follows:

> [M]otions to strike, in most cases, waste everyone's time Indeed, affirmative defenses make their brief appearances in answers and are usually never heard from again, and their presence in the answer certainly has no binding effect on the opposing party until that argument is raised in (or in response to) a dispositive motion. Courts and commentators have also noted that motions to strike under Rule 12(f) are disfavored.[1]

Therefore, Plaintiff's Motion should be denied.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] For motions to strike, courts have determined that:

> Such motions are not favored by courts and are generally denied unless the matter sought to be omitted has <u>no</u> possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. In a motion to strike, the court should treat well pleaded facts as admitted and is limited in its consideration to the pleadings. A motion to strike will be granted if the disputed matter is irrelevant under <u>any</u> state of facts which could be proved in support of the claims being advanced.[3]

---

[1] *United States v. Quantities of Finished & In-Process Foods*, No. 1:13-CV-3675-WBH, 2015 WL 10906065 (N.D. Ga. Apr. 21, 2015) *cited by Macajoux v. Heathcare Revenue Recovery Grp., LLC*, No. 122CV02588SDGJEM, 2022 WL 22434557 (N.D. Ga. Nov. 8, 2022).
[2] Fed. R. Civ. P. 12(f).
[3] *Allen v. Life Ins. Co. of N. Am.*, 267 F.R.D. 407, 410 (N.D. Ga. 2009). Emphasis added.

2

The courts also note that "[s]triking material from a party's pleading under Rule 12(f) is an extreme and disfavored measure."[4]

## B. This Court Should Not Strike Defendant's Defenses.

### 1. Defendant's defenses comply with the Federal Rules of Civil Procedure.

Defendant's defenses are properly alleged and should not be stricken. When pleading defenses or affirmative defenses, a party is required to state in short and plain terms its defenses to each claim asserted against it[5] and affirmatively state any avoidance or affirmative defense.[6] A party can also set out alternative defenses[7] and inconsistent defenses.[8] Rule 8(c)'s purpose is "simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate."[9]

Plaintiff has not met his burden for this court to strike Defendant's allegations. Plaintiff does not challenge whether the listed defenses are properly pleaded because he cannot. Each defense is stated in short and plain terms and states the potential for the avoidance of liability. Additionally, the purported inconsistency with other allegations, legal positions (internal or external), or factual positions (internal or

---

[4] *E.E.O.C. v. Joe Ryan Ent., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012).
[5] Fed. R. Civ. P. 8(b)(1)(A).
[6] Fed. R. Civ. P. 8(c).
[7] Fed. R. Civ. P. 8(d)(2).
[8] Fed. R. Civ. P. 8(d)(3).
[9] *Bergquist v. Fid. Info. Servs., Inc.*, 197 F. App'x 813, 815 (11th Cir. 2006); *see also Navarro v. Santos Furniture Custom Design, Inc.*, 372 F. App'x 24, 27 (11th Cir. 2010)("the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it").

3

external) is not a valid basis to grant Plaintiff's motion. As indicated by Plaintiff's motion, he has also admitted that he is on notice as to the bases for the defenses. As a result, Defendant has satisfied its pleading requirement and Plaintiff's motion should be denied.

### 2. Defendant's defenses are logically connected to the subject matter of Plaintiff's claims.

Defendant's defenses should not be dismissed on "substantive grounds." "[A] Rule 12(f) motion should be granted only when the pleading to be stricken has <u>no</u> possible relation to the controversy [and the grant of such motion] is a drastic remedy to be resorted to only when required for the purposes of justice."[10] As to defense number one, notwithstanding the court's decision, Defendant maintains its theory that Plaintiff's claims are insufficient. To ensure that this position regarding Plaintiff's failure to state a claim is not waived at any point during the trial or appellate litigation of this matter, Defendant has properly alleged it in her Answer.

For defense number four, Defendant maintains her position regarding the necessity for expert testimony relating to Plaintiff's criticism of her medical or professional treatment because Plaintiff's complaint can be amended either by an amended complaint or to conform to the facts as they may arise during discovery. To ensure Plaintiff is aware of the need for an expert affidavit or expert testimony

---

[10] *United States ex rel Sedona Partners LLC v. Able Moving & Storage Inc.*, No. 22-13340, 2025 WL 2087871, *8 (11th Cir. July 25, 2025). Emphasis added.

for any arguable position that Defendant fell below some medical or professional standard of care, she included this position as a defense.

For the sixteenth defense, again, Defendant is placing Plaintiff on notice of any potential issues or defenses to avoid any waiver claims. Although some precedent that is arguably controlling in this case discusses the unavailability of immunity, the underlying analysis for immunity can change based on the facts and circumstances of the case and whether a court can determine anew that immunity is firmly rooted in the common law based on those facts and circumstances.[11] If this defense is omitted, notice is not properly given and Plaintiff's later argument would be that it is waived. To avoid that fate, Defendant has properly and timely alleged the immunity issues.

For the tenth and eleventh defenses, the allegations are properly pleaded and not waived. Rules 12(h) or (g) could impact the defenses.[12] Rule 12(g)(2) states, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make *another motion under this rule* raising a defense or objection that was available to the party but omitted from its earlier motion." (emphasis added.)

---

[11] *Hinson v. Edmond*, 192 F.3d 1342, 1345-46 (11th Cir. 1999), amended, 205 F.3d 1264 (11th Cir. 2000) (explaining the analysis for immunity and how the facts and circumstances play a role in the determination by stating the following: And, although the Supreme Court, in passing, mentioned that "apparently, [in England], the law did provide a kind of immunity for certain private defendants, such as doctors or lawyers who performed services at the behest of the sovereign, the circumstances here do not seem to be the kind of situation encompassed by that statement. The sources cited by the Court suggest that, under certain circumstances, English doctors and lawyers were immune from liability for acts amounting to negligence. For acts amounting to recklessness or intentional wrongdoing, as are alleged here, immunity did not exist, however.").

[12] *PrimeLending v. First Cmty. Mortg., Inc.*, No. 1:23-CV-4402-MLB, 2024 WL 3914846, at *3 (N.D. Ga. June 21, 2024) (explaining the interplay between Rules 12(g) and 12(h)).

5

As relevant to this case, a party waives certain defenses if he omits it from a motion[13] or by not including it in a responsive pleading.[14] Rule 7(a) states that only the following pleadings are allowed: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

A plain reading of the applicable rules shows that Defendant did not waive her Rule 12(b) contentions. These rules are constructed to prevent successive (or multiple) motions to dismiss when they could or should have been consolidated. Defendant has not made a successive motion but has simply alleged the defenses in a responsive pleading to provide the requisite notice and to preserve them to the extent they can be argued at a later date outside of Rule 12. Moreover, although the sufficiency of process position was omitted from Defendant's pre-answer motion, she timely alleged it in her Answer.[15] Rule 12(h)(1)(B) states that the positions are waived if it is not "made by motion" *or* if it is not included in a responsive pleading. Defendant alleged this defense in her initial responsive *pleading,* which is all that is required. Plaintiff's cited cases are inapposite and not controlling for this case and

---

[13] Fed. R. Civ. P. 12(h)(1)(B)(i).
[14] Fed. R. Civ. P. 12(h)(1)(B)(ii).
[15] Rule 12(h) effectively states that the positions are not waived if they are timely alleged in any of the three manners set out in the rule.

therefore, these allegations properly place Plaintiff on notice of potential issues in the case, and his motion should be denied.[16]

## III. **CONCLUSION**

Defendant Sanchez requests that this Court deny Plaintiff's Motion to Strike. Consistent with the commentary discussing motions to strike, Plaintiff cannot meet his burden to show "that the allegations being challenged are so unrelated to [his] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to [him]."[17] Furthermore, these motions "are viewed with disfavor by the federal courts and are infrequently granted."

Defendant certifies that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) and the brief does not contain more than 10 characters per inch of type.

Respectfully submitted this 1st day of August, 2025.

---

[16] In *Bynum v. Clayton Cnty. Pub. Sch.*, the defendant never alleged or provided notice of a service of process issue or defense in its responsive pleading, such that the court deemed it waived when it was first mentioned in the Joint Preliminary Report and Discovery Plan and then in a motion for judgment on the pleadings. 2016 WL 9460455, at *1-2 (N.D. Ga. June 13, 2016). This matter differs substantially from the current case because the issue was alleged in Defendant's first responsive pleading.
  In *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, again, the defendant failed to raise the issue with service of process within the first responsive pleading. The Eleventh Circuit Court of Appeals ruled that with this failure the defendant waived the defense. 553 F.3d 1351, 1359 1360 (11th Cir. 2008). Furthermore, although it does not impact the case's overarching ruling the language of the opinion conflates "responses by motion" with "responsive pleadings," which is improper. Id. at 1360 (As stated above, *Hamispherx*, sheds no light on the issue in this case.
  Similarly, in *Pardazi v. Cullman Med. Ctr.*, the defendant first argued his process issue after the case was remanded and on summary judgment. 896 F.2d 1313, 1314-1315 (11th Cir. 2014). Although the defendant did not argue the position in his pre-answer motion, after it was denied, the defendant did not allege it in his answer. Id. Therefore, this case is not factually analogous to this case and does not assist in the court's decision.
[17] *Sedona Partners, LLC*, 2025 WL 2087871 at *8.

/s/*Antonio E. Veal*
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007
Lindsey Adams
Georgia Bar No.: 288816

*Counsel for Defendant Erica Sanchez*


HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com
Email: ladams@huffpowellbailey.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing DEFENDANT ERICA SANCHEZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE was electronically filed using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

James M. Slater
**Slater Legal PLLC**
2296 Henderson Mill Road, NE, Number 116
Atlanta, Georgia 30345
james@slater.legal

Jeffrey Filipovits
Wingo F. Smith
**Spears & Filipovits, LLC**
315 W Ponce de Leon Ave, Suite 865
Decatur, GA 30030
jeff@civil-rights.law

Jason Waymire
Williams & Waymire, LLC
Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30581
jason@wmwlaw.com

Timothy Buckley
Eric O'Brien
Buckley, Christopher & Hensel, P.C.
2970 Clairmont Road, NE Suite 650
Atlanta, GA 30329
tbuckley@bchlawpc.xom
eobrien@bchlawpc.com

Respectfully submitted this 1st day of August, 2025.

/s/*Antonio E. Veal*
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007
Lindsey Adams
Georgia Bar No.: 288816

*Counsel for Defendant Erica Sanchez*

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com
Email: ladams@huffpowellbailey.com