## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EZRA SMITH,                          )
                                     )    CIVIL ACTION FILE NO.
       Plaintiff,            )
v.                                  )
                                       )    1:24-cv-05158-TWT
MONIQUE TRACEY, *et al*.,            )
                                     )
       Defendants.           )

---

### ANSWER AND DEFENSES OF DEFENDANT TRACEY TO THE AMENDED COMPLAINT

---

COMES NOW Defendant MONIQUE TRACEY through undersigned counsel, and hereby files his Answer to the Amended Complaint (the "Complaint") and respectfully shows the Court the following:

### FIRST DEFENSE

Plaintiff's Complaint, and each and every paragraph set forth herein, fails to state or set forth claims against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Qualified immunity bars Plaintiff's federal claims because Defendant acted within her discretionary authority as an officer and did not violate any clearly established constitutional right of Plaintiff under the circumstances relevant to this case.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of this Defendant.

**FOURTH DEFENSE**

Plaintiff's alleged injuries and damages, if any, were proximately caused by his own conduct.

**FIFTH DEFENSE**

To the extent that the Prison Litigation Reform Act (PLRA) applies to this action, the PLRA limits damages available to the Plaintiff, and may provide a ground for dismissal based on lack of exhaustion of administrative remedies.

**SIXTH DEFENSE**

Any claimed damages should be reduced insofar as Plaintiff failed to mitigate such damages.

**SEVENTH DEFENSE**

Plaintiff's claim for punitive damages against Defendant violates the due process clause of the Georgia Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

**EIGHTH DEFENSE**

An award of punitive damages against Defendant would violate the

prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.

## NINTH DEFENSE

The Fourteenth Amendment's due process clause limits punitive damages.

## TENTH DEFENSE

Defendant asserts any and all affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter become applicable to this action.

## ELEVENTH DEFENSE

Plaintiff's alleged state law claim against this Defendant is barred by the doctrine of official immunity because Defendant conducted discretionary action without actual malice or intent to harm the Plaintiff.

## TWELTH DEFENSE

Plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of the Plaintiff and not from any conduct of this Defendant.

## THIRTEENTH DEFENSE

Plaintiff's damages, if any, were caused by the deliberate conduct of the Plaintiff, and such conduct supersedes any and all liability, if any, on the part of this Defendant.

**FOURTEENTH DEFENSE**

No act or omission by any of this Defendant either proximately caused or contributed to any damages allegedly suffered by the Plaintiff; therefore, Plaintiff has no right of recovery against this Defendant.

**FIFTEENTH DEFENSE**

Plaintiff's damages, if any, were directly and proximately caused by the Plaintiff's contributory and comparative fault. Relatedly, Plaintiff's claim is barred by his failure to exercise reasonable action to protect himself from harm.

**SIXTEENTH DEFENSE**

Plaintiff's claim is barred by his own assumption of the risk that his voluntary and intentional acts would result in harm to himself.

**SEVENTEENTH DEFENSE**

Defendant reserves the right to plead and prove other defenses as may become known to her during the course of investigation and discovery.

\* \* \*

Defendant answers and responds to the numbered sections and paragraphs of Plaintiff's Complaint as follows:

**ANSWER TO INTRODUCTION**

Defendant acknowledges that Plaintiff presents this action as stated in the introduction, but denies that this Defendant violated the Plaintiff's rights and

denies that Plaintiff is entitled to recover from her. Defendant denies all allegations against her in the opening paragraph.

## JURISDICTION AND VENUE

1.  Defendant admits the allegations in this paragraph.

2.  Defendant admits the action is brought as stated. Defendant denies any allegations against her in this paragraph.

3.  Defendant admits the allegations in this paragraph.

4.  Defendant admits the allegations in this paragraph.

## PARTIES

5.  Defendant admits Plaintiff was detained in the Rockdale County Jail based on a warrant. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

6.  Defendant does not dispute the allegations in this paragraph.

7.  Defendant does not dispute the allegations in this paragraph.

8.  Defendant does not dispute the allegations in this paragraph.

9.  Defendant does not dispute the allegations in this paragraph.

## ANSWER TO "FACTUAL ALLEGATIONS"

10. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

11. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

13. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

14. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

15. Defendant admits that the Plaintiff was at the Rockdale County Jail when her shift began on July 8, 2024. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

16. Defendant does not dispute the allegations in this paragraph.

17. Defendant admits that at some point after 6:00 p.m., an inmate in Cell 7 called on the intercom and made a statement like the one alleged, and Defendant did not report the statement. Defendant denies the remaining allegations against her in this paragraph. As to allegations regarding any other person, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

18. Defendant admits that at some point after 6:00 p.m., Plaintiff's mother called and spoke to Defendant. Defendant denies the remaining allegations in this paragraph in the form and manner alleged.

19. Defendant admits the allegations in this paragraph.

20. Defendant admits the second sentence in this paragraph. Defendant lacks

knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

21. Defendant admits the allegations in this paragraph.

22. Defendant does not view it as necessary to dispute the allegations in this paragraph, based on the recognition that the video recording shows actual events and their relative timing.

23. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

24. Defendant admits she told Plaintiff that his mother had called. Defendant presently lacks sufficient recollection to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

25. Defendant admits Plaintiff made a suicidal statement, and Deputy Gomez and Nurse Sanchez were present. Defendant denies the remaining allegations against her in this paragraph. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such

allegations are deemed denied and Plaintiff is put on strict proof of same.

26. Defendant denies any allegations against her in this paragraph. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

27. Defendant's body position is shown on video, which will not support the inference alleged in this paragraph. Defendant denies the allegations against her in this paragraph.

28. Defendant admits she knew there was a telephone in Cell 7, attached with a cord. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

29. Defendant admits that after her discussion with Plaintiff, at some point he wrappped a telephone cord around his neck in Cell 7. That could not be seen on video. On video Plaintiff's feet moved and eventually stopped. Defendant denies the remaining allegations in this paragraph in the form and manner alleged.

30. Defendant admits that after a short time she noticed that Plaintiff was no

longer banging on the door. Defendant denies all remaining allegations in this paragraph.

31. Defendant admits that after a short time she returned to Cell 7 and looked in. She then called for help, and Deputy Jackson grabbed the cell door keys and opened the door. Defendant denies all remaining allegations in this paragraph.

32. Defendant admits Plaintiff had blood coming from his nose and urine on his jumpsuit, and the telephone cord was wrapped around his neck. Defendant denies all remaining allegations in this paragraph.

33. Defendant admits the allegations in this paragraph.

34. Defendant admits the allegations in the first sentence. Defendant presently lacks sufficient recollection to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

35. Defendant admits that Defendant Gomez and others entered the cell at some point. Defendant presently lacks sufficient recollection to form a belief as to the truth of the remaining allegations in this paragraph, all of which are subject to video evidence to which Defendant defers for precise timing. The

alleged time estimates are denied in the form and manner alleged.

36. Defendant admits that staff placed an oxygen mask on Plaintiff, who was revived and was breathing. Defendant presently lacks sufficient recollection to form a belief as to the truth of (1) whether Plaintiff ever stopped breathing and (2) the remaining allegations in this paragraph, which are subject to video evidence to which Defendant defers for precise timing.

37. Defendant admits that EMS then arrived and took Plaintiff to a hospital. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

38. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

39. Defendant denies the allegations in this paragraph.

40. Defendant admits the allegations in the first sentence of this paragraph, but denies that such allegations are in any way relevant or admissible in evidence. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, so such allegations are

deemed denied and Plaintiff is put on strict proof of same.

41.    Defendant admits that the referenced policy states in part that "Any inmate who threatens or attempts self-mutilation or suicide will be viewed as a mental health emergency."

42.    Defendant denies the allegations in this paragraph in the form and manner stated, which at any rate are not relevant to any claim because neither Major Welch nor Defendant Tracey ever had authority to create policy for the Rockdale County Sheriff.

## ANSWER TO COUNT 1

Defendant incorporates her responses to paragraphs 1 through 42 as if fully restated here.

43.    Defendant denies the allegations in this paragraph.

44.    Defendant admits that Plaintiff attempted suicide, which manifested self-harm. Defendant denies the remaining allegations in this paragraph in the form and manner alleged.

45.    Defendant denies the allegations in this paragraph.

46. Defendant admits that Plaintiff was not placed on a formal "suicide watch." Defendant denies the remaining allegations in this paragraph.

47. Defendant denies the allegations in this paragraph.

## ANSWER TO COUNT 2

Defendant incorporates her responses to paragraphs 1 through 42 as if fully restated here.

48. Defendant denies the allegations in this paragraph.

49. Defendant admits that Plaintiff attempted suicide, which manifested self-harm. Defendant denies the remaining allegations in this paragraph in the form and manner alleged.

50. Defendant denies the allegations in this paragraph.

51. Defendant denies the allegations in this paragraph.

52. Defendant denies any allegations against her in this paragraph. Defendant lacks sufficient knowledge or information to admit or deny the knowledge of any other person, so allegations about that are deemed denied and Plaintiff is put on strict proof about that.

53. Defendant denies any allegations against her in this paragraph. Defendant lacks sufficient knowledge or information to admit or deny the knowledge of any other person, so allegations about that are deemed denied and Plaintiff is put on strict proof about that.

54. Defendant admits that Plaintiff was not placed on a formal "suicide watch." Defendant denies all remaining allegations in this paragraph.

55. Defendant denies the allegations in this paragraph.

## ANSWER TO COUNT 3

Defendant incorporates her responses to paragraphs 1 through 42 as if fully restated here.

56. Defendant admits the allegations in this paragraph.

57. Defendant denies the allegations in this paragraph in the form and manner stated, while admitting that certain policies applied to Defendant's job duties and those were supposed to be followed to the extent applicable and feasible under the circumstances.

58. Defendant denies the allegations in this paragraph.

59. Defendant admits that shortly before Smith's suicide attempt underlying this case he stated something to the effect of "Let me out. Let me out. I'm going to kill myself." Defendant denies any remaining  allegations in this paragraph.

60. Defendant admits the allegations in this paragraph, substantially due to the absence of a mental health professional at the jail at the time of this incident.

61. Defendant denies the allegations in this paragraph.

62. Defendant denies any and all allegations agains her set forth in Plaintiff's Complaint, except for those expressly admitted herein.

DEFENDANT HEREBY DEMANDS TRIAL BY JURY.

WHEREFORE, having fully answered, Defendant prays that judgment be entered in her favor and against the Plaintiff, that Plaintiff take nothing, and that Defendant be awarded her costs and attorney's fees incurred in defending this action.

WILLIAMS & WAYMIRE, LLC

/s/ *Jason C. Waymire*
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Defendant Tracey

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30581
678-541-0790
678-541-0789
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ANSWER upon counsel for all parties by electronic filing through the CM/ECF system in accordance with the United States District Court rules.

This December 8, 2025.

WILLIAMS & WAYMIRE, LLC

/s/ *Jason C. Waymire*
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Defendant Tracey