UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | 1:24-cv-05158-TWT |
| v. ) | |
| ) | |
| DEPUTY MONIQUE TRACEY, DEPUTY ) | |
| RAUL GOMEZ, DEPUTY SHENEQUA ) | |
| JACKSON, and ERICA SANCHEZ, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT RAUL GOMEZ AND SHENEQUA JACKSON'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Deputy Raul Gomez (hereinafter "Deputy Gomez") and Deputy Shenequa Jackson (hereinafter "Deputy Jackson") (hereinafter collectively "Deputies Gomez/Jackson") named as defendants in the above-styled action, and file this, their Answer and Defenses to Plaintiff's Amended Complaint (hereinafter "Plaintiff's Complaint"), showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim against Deputies Gomez/Jackson upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims against Deputies Gomez/Jackson are barred by the doctrines

1

of qualified immunity, official immunity, governmental immunity, 11th Amendment and sovereign immunity.

## THIRD DEFENSE

Any alleged unlawful act or omission of Deputies Gomez/Jackson, which alleged unlawful act or omission Deputies Gomez/Jackson specifically deny, was not the proximate or legal cause of any alleged damages or injury suffered by Plaintiff.

## FOURTH DEFENSE

Deputies Gomez/Jackson are not liable to Plaintiff in any amount because Deputies Gomez/Jackson did not in any way deprive Plaintiff of any right, privilege or immunity secured by the Constitution or federal law as alleged in the Plaintiff's Complaint or otherwise.

## FIFTH DEFENSE

Deputies Gomez/Jackson did not violate Plaintiff's constitutional rights or other rights as alleged or otherwise.

## SIXTH DEFENSE

Deputies Gomez/Jackson were not deliberately indifferent to Plaintiff's constitutional rights.

## SEVENTH DEFENSE

Deputies Gomez/Jackson are not liable to Plaintiff in any amount because Deputies Gomez/Jackson were not negligent or deliberately indifferent and did not act

as alleged in Plaintiff's Complaint or otherwise and did not breach any legal duty owed to the Plaintiff.

### EIGHTH DEFENSE

To the extent that Plaintiff has sustained any injuries or damages as alleged in Plaintiff's Complaint, Plaintiff's own acts and omissions directly and proximately caused and/or contributed to same.

### NINTH DEFENSE

Deputies Gomez/Jackson are immune from liability for punitive damages in this matter.

### TENTH DEFENSE

Deputies Gomez/Jackson are not liable to Plaintiff because Plaintiff's damages, if any, are due to the acts and omissions of individuals and entities other than Deputies Gomez/Jackson.

### ELEVENTH DEFENSE

Deputies Gomez/Jackson have acted in a legal/privileged manner with reasonable promptness and allege a meritorious defense.

### TWELFTH DEFENSE

The allegations set for in Plaintiff's Complaint as to Deputies Gomez/Jackson do not rise to the level of a constitutional depravation of rights under color of law and, therefore, do not support a claim pursuant to 42 U.S.C. Section 1983 against the

Deputies Gomez/Jackson.

## THIRTEENTH DEFENSE

Deputies Gomez/Jackson cannot be held liable under 42 U.S.C. Section 1983 on the basis of *respondeat superior*, or common enterprise and no official policies, practices or customs existed which proximately caused any alleged constitutional deprivation/injury.

## FOURTEENTH DEFENSE

Plaintiff's alleged injuries were the result of pre-existing conditions for which Deputies Gomez/Jackson are not responsible.

## FIFTEENTH DEFENSE

Plaintiff's alleged injuries were due to his failure to exercise care for his own safety and caused by an intentional self-inflicted act.

## SIXTEENTH DEFENSE

For their Sixteenth Defense, Deputies Gomez/Jackson answer the enumerated paragraphs of Plaintiff's Complaint as follows:

### Jurisdiction and Venue

1.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph One (1) of Plaintiff's Complaint.

2.

This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Two (2) of Plaintiff's Complaint.

3.

This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Three (3) of Plaintiff's Complaint.

4.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Four (4) of Plaintiff's Complaint.

**Parties**

5.

Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Five (5) of Plaintiff's Complaint and, therefore, deny same.

6.

Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Six (6) of Plaintiff's Complaint and, therefore, deny same.

7.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Seven (7) of Plaintiff's Complaint.

8.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Eight (8) of Plaintiff's Complaint.

9.

Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine (9) of Plaintiff's Complaint and, therefore, deny same.

**Factual Allegations**

10.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Ten (10) of Plaintiff's Complaint.

11.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint and specifically deny any allegation inconsistent with the referenced document, as it speaks for itself.

12.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph

Twelve (12) of Plaintiff's Complaint and specifically deny any allegation inconsistent with the referenced document, as it speaks for itself.

13.

This Paragraph calls for a medical conclusion to which no response is required. To the extent a response is required, Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Thirteen (13) of Plaintiff's Complaint.

14.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Fourteen (14) of Plaintiff's Complaint.

15.

Deputies Gomez/Jackson admit only that Plaintiff was taken to the Rockdale County Jail on or about July 8, 2024. Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifteen (15) of Plaintiff's Complaint and, therefore, deny same.

16.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Sixteen (16) of Plaintiff's Complaint.

17.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph

Seventeen (17) of Plaintiff's Complaint.

18.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Eighteen (18) of Plaintiff's Complaint.

19.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Nineteen (19) of Plaintiff's Complaint.

20.

Deputies Gomez/Jackson admit only that Plaintiff began banging on the window and kicking the cell door. Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty (20) of Plaintiff's Complaint and, therefore, deny same.

21.

Deputies Gomez/Jackson admit only that they were aware that Plaintiff began banging on the window and kicking on the cell door. Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-One (21) of Plaintiff's Complaint and, therefore, deny same.

22.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Twenty-Two (22) of Plaintiff's Complaint and specifically deny any allegation inconsistent with the referenced video footage, as it speaks for itself.

23.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Twenty-Three (23) of Plaintiff's Complaint.

24.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Twenty-Four (24) of Plaintiff's Complaint.

25.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Twenty-Five (25) of Plaintiff's Complaint.

26.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Twenty-Six (26) of Plaintiff's Complaint and specifically deny any allegation inconsistent with the referenced document, as it speaks for itself.

27.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Twenty-Seven (27) of Plaintiff's Complaint and specifically deny any allegation

inconsistent with the referenced video footage, as it speaks for itself.

28.

Deputies Gomez/Jackson admit only that they were aware that there was a telephone in Cell 7. Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Eight (28) of Plaintiff's Complaint and, therefore, deny same.

29.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Twenty-Nine (29) of Plaintiff's Complaint and specifically deny any allegation inconsistent with the referenced video footage, as it speaks for itself.

30.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Thirty (30) of Plaintiff's Complaint.

31.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Thirty-One (31) of Plaintiff's Complaint.

32.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Thirty-Two (32) of Plaintiff's Complaint.

33.

Deputies Gomez/Jackson admit the allegations contained in Paragraph Thirty-Three (33) of Plaintiff's Complaint.

34.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Thirty-Four (34) of Plaintiff's Complaint.

35.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Thirty-Five (35) of Plaintiff's Complaint.

36.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Thirty-Six (36) of Plaintiff's Complaint.

37.

Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Seven (37) of Plaintiff's Complaint and, therefore, deny same.

38.

Deputies Gomez/Jackson are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Eight (38) of Plaintiff's Complaint and, therefore, deny same.

39.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Thirty-Nine (39) of Plaintiff's Complaint.

40.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Forty (40) of Plaintiff's Complaint.

41.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint and specifically deny any allegation inconsistent with the referenced document, as it speaks for itself.

42.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint and specifically deny any allegation inconsistent with the referenced document, as it speaks for itself.

## COUNT I
### Deliberate Indifference Under the Fourteenth Amendment
### (as to Tracey and Jackson)

Deputies Gomez/Jackson reassert and incorporate as if set out verbatim herein their responses to Paragraphs One (1) through Forty-Two (42) of Plaintiff's Complaint.

43.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Forty-Three (43) of Plaintiff's Complaint.

44.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Forty-Four (44) of Plaintiff's Complaint.

45.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Forty-Five (45) of Plaintiff's Complaint.

46.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Forty-Six (46) of Plaintiff's Complaint.

47.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Forty-Seven (47) of Plaintiff's Complaint.

## COUNT II
### Deliberate Indifference Under the Fourteenth Amendment
### (as to all Defendants)

Deputies Gomez/Jackson reassert and incorporate as if set out verbatim herein their responses to Paragraphs One (1) through Forty-Seven (47) of Plaintiff's Complaint.

48.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Forty-Eight (48) of Plaintiff's Complaint.

49.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Forty-Nine (49) of Plaintiff's Complaint.

50.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Fifty (50) of Plaintiff's Complaint.

51.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Fifty-One (51) of Plaintiff's Complaint.

52.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Fifty-Two (52) of Plaintiff's Complaint.

53.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Fifty-Three (53) of Plaintiff's Complaint.

54.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Fifty-

Four (54) of Plaintiff's Complaint.

55.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Fifty-Five (55) of Plaintiff's Complaint.

## COUNT III
### Negligent Performance of a Ministerial Duty
### (as to Defendants Tracey, Gomez, and Jackson)

Deputies Gomez/Jackson reassert and incorporate as if set out verbatim herein their responses to Paragraphs One (1) through Forty-Five (55) of Plaintiff's Complaint.

56.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Fifty-Six (56) of Plaintiff's Complaint.

57.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Fifty-Seven (57) of Plaintiff's Complaint.

58.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Fifty-Eight (58) of Plaintiff's Complaint.

59.

Deputies Gomez/Jackson are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph Fifty-Nine (59) of Plaintiff's Complaint and, therefore, deny same.

60.

Deputies Gomez/Jackson deny as pled the allegations contained in Paragraph Sixty (60) of Plaintiff's Complaint.

61.

Deputies Gomez/Jackson deny the allegations contained in Paragraph Sixty-One (61) of Plaintiff's Complaint.

62.

To the extent Plaintiff's prayer for relief may be read to require a response, Deputy Gomez/Jackson denies the allegations therein and denies that Plaintiff is entitled to any recovery as against Deputy Gomez/Jackson.

63.

Any allegation in Plaintiff's Complaint not specifically responded to hereinabove is hereby denied.

WHEREFORE, Deputies Gomez/Jackson pray that Plaintiff's Complaint against them be dismissed with prejudice, with all costs assessed against Plaintiff and that Deputies Gomez/Jackson have such other relief this Court deems justice to demand.

This 9th day of December, 2025.

          Respectfully submitted,

          **BUCKLEY CHRISTOPHER & HENSEL, P.C.**

          /s/ Timothy J. Buckley III
          TIMOTHY J. BUCKLEY III
          Georgia State Bar No. 092913
          ERIC J. O'BRIEN
          Georgia State Bar No. 383754
2970 Clairmont Road, NE    Attorneys for Deputies Gomez/Jackson
Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
eobrien@bchlawpc.com

**DEPUTIES GOMEZ/JACKSON DEMAND TRIAL BY JURY**

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2025, I electronically filed and served the DEFENDANT RAUL GOMEZ AND SHENEQUA JACKSON'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT using the CM/ECF which will automatically send notification of such filing to attorneys of record:

| Jeff Filipovits, Esq.<br>Wingo Smith, Esq.<br>Spears & Filipovits, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>jeff@civil-rights.law<br>wingo@civil-rights.law | James M. Slater, Esq.<br>Slater Legal PLLC<br>2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>james@slater.legal |
|---|---|

Respectfully submitted,[1]

**BUCKLEY CHRISTOPHER & HENSEL, P.C.**

/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
ERIC J. O'BRIEN
Georgia State Bar No. 383754
Attorneys for Deputies Gomez/Jackson

2970 Clairmont Road, NE
Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)

---

[1] This is to further certify that this document was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1(C).

tbuckley@bchlawpc.com
eobrien@bchlawpc.com

19