UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPUTY MONIQUE TRACEY, DEPUTY ) <br> RAUL GOMEZ, DEPUTY SHENEQUA ) <br> JACKSON, and ERICA SANCHEZ, ) <br> ) <br>    Defendants. ) | CIVIL ACTION FILE NO.: <br> 1:24-cv-05158-TWT |

### DEFENDANT RAUL GOMEZ AND SHENEQUA JACKSON'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

COME NOW Deputy Raul Gomez (hereinafter "Deputy Gomez") and Deputy Shenequa Jackson (hereinafter "Deputy Jackson") (hereinafter collectively "Deputies Gomez/Jackson"), named as Defendants in the above-styled matter and pursuant to Fed. R. Civ. Pro. 56, hereby files this Statement of Material Facts as to which there is no Genuine Issue to be Tried, showing the Court as follows:

1.

In May 2024, Plaintiff was booked into the Rockdale County Jail ("County Jail") and, after evaluation, was admitted into mental health observation/suicide watch. Doc. 71, ¶¶ 11-12.

1

2.

Plaintiff was released and was arrested again and transported back to the County Jail on July 8, 2024. Id., ¶¶ 14-15.

3.

At that time, Plaintiff did not ask to be placed on suicide watch, despite being aware of same. Plaintiff's depo., p. 117, 1-3.

4.

Specifically, he did not ask to be placed on suicide watch "because [he] was fine." Plaintiff's depo., p. 117, l. 3.

5.

Plaintiff was placed in Holding Cell 7 with several other inmates/detainees while they were being processed by County Jail staff. Doc. 71, ¶ 16.

6.

Booking was very busy when Plaintiff was being detained. Jackson depo., p. 55, ll. 7-10; Gomez depo., p. 22, ll. 4-6.

7.

Deputy Jackson was initially assigned to the kitchen but was then told to report to booking. Jackson depo., p. 17, ll. 23-25 – p. 18, ll. 1-2.

8.

Deputy Gomez was also assigned to booking and Deputy Tracey was assigned

a security role and movement. Jackson depo., p. 60, ll. 4-8; Gomez depo., p. 21, ll. 23-25.

9.

Security role and movement officer would generally assist with tasks in booking. Jackson depo., p. 63, ll. 8-17.

10.

Deputy Gomez was primarily working on fingerprinting. Jackson depo., p. 62, ll. 9-13; Gomez depo., p. 35, ll. 17-24.

11.

Plaintiff was in the holding cell prior to Deputies Gomez/Jackson's arrival for their shift; however, there was nothing in the pre-shift debriefing that indicated any issues had been identified with Plaintiff. Jackson depo., p. 20, ll. 12-25 – p. 21, ll. 1-7; Gomez depo., p. 76, ll. 19-23; p. 77, ll. 19-21.

12.

At some point, an inmate announced on the holding cell intercom box that Plaintiff allegedly stated that he was thinking about committing suicide. Jackson depo., p. 72, ll. 11-16.

13.

Deputy Jackson and/or Deputy Tracey then reported to the holding cell and found all of the inmates laughing, including Plaintiff, and confirmed that nobody

3

needed assistance or a suicide watch.  Jackson depo., p. 73, ll. 1-7; p. 81, ll. 1-3; p. 82, ll. 15-23.

14.

Plaintiff, familiar with suicide services available, specifically stated that he was not suicidal.  Jackson depo., p. 82, ll. 24-25 – p. 83, l. 1; Tracey depo., p. 58, ll. 16-18.

15.

Deputy Gomez does not recall an inmate calling in through the intercom.  Gomez depo., p. 45, ll. 17-23; IA File, p. 2.

16.

Under general practices up to that time, it was up to a deputy's discretion whether to report when an inmate states that they are suicidal.  Jackson depo., p. 82, ll. 17-24.

17.

An officer would initially assess and get control of the situation.  Gomez depo., p. 73, ll. 3-7; Tracey depo., p. 22, ll. 2-13.

18.

If it was determined the inmate is actually threatening suicide, it should be reported.  Tracey depo., p. 26, ll. 2-13.

19.

Booking took a long time because of a significant number of inmates requiring booking; Plaintiff was the last person in the holding cell and began banging on the door. Jackson depo., p. 77, ll. 9-12; Gomez depo., p. 69, ll. 9-13.

20.

Deputy Tracey then went over to the holding cell to check on Plaintiff and began arguing with Plaintiff. Jackson depo., p. 78, ll. 4-10; Gomez depo., p. 50, ll. 2-3; p. 69, ll. 14-18.

21.

Deputy Jackson was not aware of what they were saying to each other. Jackson depo., p. 78, ll. 8-14; IA File, p. 3.

22.

It seemed like a normal disruption/dispute that Deputy Tracey would handle/report by herself and not one that indicated Plaintiff would attempt to harm himself. Gomez depo., p. 81, ll. 20-25; p. 82, ll. 12-16.

23.

Plaintiff does not have any other knowledge about what Deputy Gomez was aware of other than the interaction between Plaintiff and Tracey, generally. Plaintiff's depo., p. 112, ll. 4-17.

24.

Plaintiff only had minor dispute interactions with Deputy Jackson. Plaintiff's depo., p. 114.

25.

Nurse Sanchez observed some disagreement between Deputy Tracey and Plaintiff but did not see Deputy Gomez or Deputy Jackson involved in the interaction. Sanchez depo., p. 110.

26.

Deputy Jackson was not aware of the context of the argument and told Deputy Tracey to stop the argument. Jackson depo., p. 79, ll. 8-11; Gomez depo., p. 49, ll. 23-25; Tracey depo., p. 46, ll. 9-11.

27.

Even with the arguing, Deputy Tracey did not believe that Plaintiff was suicidal and did not communicate any concerns about suicide to Deputies Gomez/Jackson. Tracey depo., p. 87, ll. 21-23.

28.

At this time, Deputy Gomez was at the fingerprinting machine with another inmate and was not paying attention to the holding cell. Gomez depo., p. 50, ll. 19-24.

29.

Deputy Tracey then went back to the booking platform; checked the cell camera; could not see Plaintiff and went back to the cell; and, found Plaintiff kneeling by the phone. Jackson depo., p. 79, ll. 24-25 – p. 80, ll. 1-5.

30.

Deputy Gomez secured the inmate he was working with and responded to the holding cell. Gomez depo., p. 52, ll. 13-22.

31.

Plaintiff did, then, in fact, attempt to hang himself by wrapping the telephone cord around his neck. Doc. 71, ¶ 32.

32.

County Jail staff promptly responded and were able to revive Plaintiff. Id., ¶¶ 33-36.

33.

Following an internal investigation, it was determined suicide-prevention procedures could have begun after Plaintiff and Deputy Tracey were arguing. Gomez depo., p. 66, ll. 5-9.

34.

At the time Deputy Gomez did not believe he needed to intervene and report the argument between Deputy Tracey and Plaintiff. Gomez depo., p. 86, ll. 7-16.

35.

It was determined that Deputy Tracey violated the "5.22 – Suicide Prevention and Intervention" policy and she was terminated.  Doc. 71, ¶¶ 40-42; IA File, p. 5.

36.

Deputies Gomez/Jackson were issued a written reprimand.  Id.

This 9th day of December, 2025.

                                            Respectfully submitted,

                                            **BUCKLEY CHRISTOPHER & HENSEL, P.C.**[1]

                                            /s/ Timothy J. Buckley III
                                            TIMOTHY J. BUCKLEY III
                                            Georgia State Bar No. 092913

2970 Clairmont Road NE       ERIC J. O'BRIEN
Suite 650                            Georgia State Bar No. 383745
Atlanta, Georgia 30329         Attorneys for Defendants Gomez & Jackson
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
eobrien@bchlawpc.com

---

[1] Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2025, I electronically filed DEFENDANT RAUL GOMEZ AND SHENEQUA JACKSON'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record:

| | |
|---|---|
| Jeff Filipovits, Esq.<br>Wingo Smith, Esq.<br>Spears & Filipovits, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>jeff@civil-rights.law<br>wingo@civil-rights.law | James M. Slater, Esq.<br>Slater Legal PLLC<br>2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>james@slater.legal |
| Jason C. Waymire, Esq.<br>Williams & Waymire<br>4330 South Lee Street<br>Bldg. 400, Suite A<br>Buford, Georgia 30581<br>jason@wmwlaw.com | Michael G. Frankson, Esq.<br>Antonio E. Veal, Esq.<br>Lindsey Adams, Esq.<br>Huff, Powell, & Bailey, LLC<br>999 Peachtree Street, Ste. 950<br>Atlanta, Georgia 30309<br>mfrankson@huffpowellbailey.com<br>aveal@huffpowellbailey.com<br>ladams@huffpowellbailey.com |

**BUCKLEY CHRISTOPHER & HENSEL, P.C.**

/s/ Timothy J. Buckley III
_____
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
ERIC J. O'BRIEN
Georgia State Bar No. 383745
Attorneys for Defendants Gomez & Jackson

2970 Clairmont Road NE
Suite 650
Atlanta, Georgia 30329

(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
eobrien@bchlawpc.com