IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) 1:24-cv-05158-TWT |
| v. | ) |
| | ) |
| DEPUTY MONIQUE TRACEY, DEPUTY RAUL GOMEZ, DEPUTY SHENEQUA JACKSON, and ERICA SANCHEZ, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ERICA SANCHEZ'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Erica Sanchez ("Defendant Sanchez") submits her Brief in Support of her Motion for Summary Judgment.

## I. INTRODUCTION

This Court should grant Defendant Sanchez's Motion because there is no evidence – other than hindsight – that show that she had actual knowledge of a strong likelihood that Plaintiff would self-harm; that there was even a mere possibility of self-harm; and that Defendant Sanchez disregarded the information in a manner that exhibits even negligence. There is also no admissible evidence of causation or damages other thank rank speculation that is insufficient for Plaintiff to meet his

1

burden. Therefore, the Court should adjudicate the claims against Defendant Sanchez in her favor.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Summary Judgment Standard and Controlling Precedent.

A Court grants summary judgment if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party."[1] "A factual issue is material if resolving the factual issue might change the suit's outcome under the governing law[,] and the motion should be granted only if no rational fact finder could return a verdict for the non-movant."[2]

"The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position.[3]

Plaintiff must produce evidence that Defendant Sanchez was deliberately indifferent to Plaintiff's serious medical needs.[4] In the context of an attempted detainee suicide, "deliberate indifference requires that the defendant deliberately disregard a strong likelihood rather than a mere possibility that the self-infliction of

---

[1] *Anderson v. Georgia Dep't of Corr.*, 769 F. Supp. 3d 1319, 1330 (N.D. Ga. 2025).
[2] *Id.*
[3] *Id.*
[4] *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

2

harm will occur. [T]he mere opportunity for suicide, without more, is clearly insufficient to impose liability on those charged with the care of prisoners."[5]

The Eleventh Circuit Court of Appeals has further (and clearly) stated the requisite analysis for a defendant's intent in *Wade v. McDade*.[6] There, the Eleventh Circuit held that "in order to show that a defendant acted with 'subjective recklessness as used in the criminal law,' a deliberate-indifference plaintiff must demonstrate that the defendant was actually aware that his own conduct caused a substantial risk of serious harm to the plaintiff."[7] Plaintiff's prior argument that *Wade* does not apply to deliberate indifference cases arising out of the Fourteenth Amendment is unavailing.[8] Though Plaintiff is correct in pointing out that his claims arise out of the Fourteenth Amendment rather than the Eighth Amendment, "[n]evertheless, in regard to providing pretrial detainees with such basic necessities as . . . medical care[,] the minimum standard allowed by the due process clause is

---

[5] *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1268-69 (11th Cir. 2005) (cleaned up).
[6] 106 F.4th 1251, 1253 (11th Cir. 2024) (internal citations omitted).
[7] *Id.*, 1261.
[8] Plaintiff's position is largely a distinction without a difference in this case because in suicide cases, he must be able to show that a defendant subjectively knew about his "strong likelihood" to self-harm and that his disregard allowed the self-harm to occur. *See Cook*, 402 F.3d at 1117 ("Deliberate indifference, in the jail suicide context, is not a question of the defendant's indifference to suicidal inmates or suicide indicators generally, but rather it is a question of whether a defendant was deliberately indifferent to an individual's mental condition and the likely consequences of that condition. For this reason, absent knowledge of a detainee's suicidal tendencies, our cases have consistently held that failure to prevent suicide has never been held to constitute deliberate indifference.").

the same as that allowed by the eighth amendment for convicted persons."[9] As such, the analysis announced in *Wade* is controlling in this case.[10]

### B. Defendant Sanchez did not have knowledge of the identity of the inmate to have any prior knowledge of his mental state or suicidal tendencies, if any.

There is no evidence that Defendant Sanchez deliberately disregarded a strong likelihood of the self-infliction of harm. The Eleventh Circuit has reasoned that knowledge of prior suicide attempts, without more, are insufficient to put an officer "on notice of a strong likelihood rather than a mere possibility that the self-infliction of harm will occur."[11] Furthermore, it "is a question of whether a defendant was deliberately indifferent to an individual's mental condition and the likely consequences of that condition [and] absent knowledge of a detainee's suicidal tendencies, cases have consistently held that failure to prevent suicide has never been held to constitute deliberate indifference."[12] The undisputed evidence shows that Defendant Sanchez did not know the identity of the person remaining in cell 7 until *after* she entered the cell to perform. Defendant was not aware of who was present in the cell because the person was not in her queue, and she did not have contact

---

[9] *Cook ex rel Estate of Tessier v. Sheriff of Monroe Cnty.*, Fla, 402 F.3d 1092, 1115 (11th Cir. 2005) (quotations and citations omitted).
[10] For the same reasons, the Court should disregard Plaintiff's argument that the civil recklessness standard should be applied to Fourteenth Amendment deliberate indifference standards.
[11] *Snow*, 420 F.3d at 1269.
[12] *Cook*, 402 F.3d at 1117.

with the person who was eventually identified as Plaintiff.[13] Defendant Sanchez's testimony is that she did not know about *any* person remaining the cell until five minutes prior to the suicide attempt. Therefore, she could not have had prior knowledge of any suicide attempts or threats prior to the time she allegedly overheard the interactions among Plaintiff and the deputies. Logically, if she did not know who the inmate was, she could have any knowledge of any prior suicidal history. Therefore, if anything, Ms. Sanchez's "knowledge" only includes the information that she would have heard or that would have been communicated to her by some other person.

### C. Defendant Sanchez did not have knowledge of strong likelihood for self-harm.

As to the interactions between Plaintiff and the deputies, in the proper context, Defendant Sanchez did not have knowledge of a strong likelihood for self-harm. It is important to know the timing and breadth of Defendant Sanchez's *actual knowledge*. Defendant Sanchez's knowledge was that Plaintiff (whose identity was unknown to her) was in the cell for an extended period; he (identity still unknown to her) was banging or kicking on the door; he argued with Deputy Tracey; he threatened suicide; and Deputy Tracey told him to do so. In this short period of time, with this limited information, and based on her experience working in several

---

[13] The Health Care Services Agreement supports this contention because Defendant Sanchez was required to provide medical services once Plaintiff was physically booked into the Jail and there is no allegation that his booking ever occurred. *See* Exh. A at 1.

5

correctional settings, Defendant Sanchez had no knowledge of a mere possibility of the commission of self-harm. She determined under the circumstances that Plaintiff's statement was behavioral and a way to get attention or something from the deputies, which is a common practice within the correctional setting. Interestingly, every other defendant had the same or similar thought based on the surrounding circumstances and interactions between Deputy Tracey and Plaintiff. Furthermore, Plaintiff concedes that he jokes about suicide, and he did not decide to do make the attempt until after one the times Deputy Tracey told him to do so. Although unknown to Defendant Sanchez in real time, Plaintiff's purported state of mind likelihood of committing the act is a relevant consideration. Because there is no evidence that Defendant Sanchez had the requisite knowledge, Plaintiff's claim against her is ripe for summary adjudication.

### D. Defendant Sanchez did not disregard the purported risk of self-harm.

If we assume that Defendant Sanchez had sufficient knowledge from the information discussed above (she did not), Plaintiff's claim should still be adjudicated in her favor. There is no evidence that Defendant Sanchez disregarded the purported risk of suicide in a way that constitutes negligence, much less actions or omissions greater than negligence.[14] Defendant Sanchez explained the context

---

[14] *See Cook*, 402 F.3d at 1115 (explaining that "the plaintiff has to show that the defendant had (1) subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence").

6

and her considerations for Plaintiff's circumstances, and that explanation is undisputed and reasonable. If her determination is reasonable under the then-existing circumstances, her actions cannot be negligent, and Plaintiff's claims fail. Even if there is some disagreement with her determination, that disagreement does not rise to the level of deliberate indifference.

Again, even if we assume there is sufficient evidence of knowledge as to Defendant Sanchez, she did not have the time act. Although Plaintiff may attempt to parse her actions minute-by-minute, Defendant Sanchez explained that she was engaging in other work and that the time passed quick and in what seemed like seconds. Even though the time was five minutes, that is not enough to identify who was in the cell, gather necessary information, and work to have him assessed either in cell or having him brough to her desk. Between the less-than-four minutes when Defendant Sanchez heard the interactions *between Plaintiff and the deputies* and until the time that Plaintiff began to hang himself, Defendant Sanchez's purported inaction must rise to the level of something more than negligence. If anything, and as to Defendant Sanchez, the evidence shows that there was not sufficient time for any actions of consequence. Almost immediately after the Plaintiff-deputies interactions, Plaintiff began to hang himself, and when his actions were reported to Defendant Sanchez, she provided necessary emergency care that saved Plaintiff's

7

life. Plaintiff cannot produce evidence to show a disregard that is sufficient even for negligence, much less more than negligence.

### E. Plaintiff has not submitted any evidence to support his claim for damages.

There is no record evidence showing that Defendant Sanchez's actions or inactions caused any injury to Plaintiff. On the contrary, Defendant Sanchez's actions proved to be life-saving. There is no evidence – other than inadmissible speculation – that if Defendant Sanchez acted consistent with Plaintiff's after-the-fact wishes (whatever they may be) that he still would not have made his suicide attempt. Moreover, even if there is some liability, Plaintiff cannot produce any evidence of injury or damages. Plaintiff's casual speculative statements about his medical, mental, and physical conditions are not supported by any admissible expert testimony or evidence showing what, if any, impact Plaintiff's purported suicide attempt had on him outside of the instant injury where Defendant Sanchez saved him. This patent lack of evidence is insufficient and because Plaintiff cannot support all elements of claim, it must be adjudicated in Defendant Sanchez's favor.

### III. CONCLUSION

Defendant Sanchez requests that this Court adjudicate Plaintiff's claims in her favor. Defendant Sanchez's actions did not show deliberate indifference because under the circumstances of this case and based on the knowledge she obtained, she responded reasonably.

Defendants certify that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) and the brief does not contain more than 10 characters per inch of type.

Respectfully submitted this 9th day of December, 2025.

/s/*Antonio E. Veal*
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007

*Counsel for Defendant Erica Sanchez*

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing DEFENDANT ERICA SANCHEZ'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was electronically filed using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

James M. Slater
Slater Legal PLLC
2296 Henderson Mill Road, NE, Number 116
Atlanta, Georgia 30345
james@slater.legal

Jason Waymire
Williams & Waymire, LLC
Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30581
jason@wmwlaw.com

Timothy Buckley
Eric O'Brien
Buckley, Christopher & Hensel, P.C.
2970 Clairmont Road, NE Suite 650
Atlanta, GA 30329
tbuckley@bchlawpc.xom
eobrien@bchlawpc.com

Respectfully submitted this 9th day of December, 2025.

*/s/Antonio E. Veal*
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007

*Counsel for Defendant Erica Sanchez*

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com