UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPUTY MONIQUE TRACEY, DEPUTY ) <br> RAUL GOMEZ, DEPUTY SHENEQUA ) <br> JACKSON, and ERICA SANCHEZ, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO.: <br> 1:24-cv-05158-TWT |

**DEFENDANT RAUL GOMEZ AND SHENEQUA JACKSON'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW Deputy Raul Gomez (hereinafter "Deputy Gomez") and Deputy Shenequa Jackson (hereinafter "Deputy Jackson") (hereinafter collectively "Deputies Gomez/Jackson"), named Defendants in the above-referenced matter, and, pursuant to Fed. R. Civ. Proc. 56 and Northern District Local Rule 56.1, submit this Reply Brief in Support of their Motion for Summary Judgment, and show the Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

**I.   Deputies Gomez/Jackson did not sufficiently personally participate in the events leading to Plaintiff's self-infliction of harm to be held liable under § 1983.**

On July 9, 2024, around 01:27:49, Deputy Tracey walked over to the holding cell where Plaintiff was held. Doc 89-8 (Plaintiff's Exhibit 8) at 01:27:49. At

01:28:17, Deputy Gomez walks towards Deputy Tracey and Plaintiff. Id. at 01:27:49. At 01:28:33, Deputy Gomez turns his head around and begins walking back to the fingerprinting station. Id. at 01:28:33. At 01:28:57, Deputy Jackson walks back towards the desk and begins to use the phone. Id. at 01:28:57. At 01:31:15, Deputy Jackson was still on the phone behind the desk and Plaintiff can be seen on the recording sitting and wrapping the phone cord around his neck. Id. at 01:31:15. At 01:32:25, Deputy Jackson turns around and begins walking in the direction away from the holding cell. Id. at 01:32:25. At 01:33:19, Deputy Tracey also turns and walks away from the holding cell. Id. at 01:33:19. At 01:33:40, Deputy Tracey looks into Plaintiff's cell and turns around and raises her arm signaling for keys. Id. at 01:33:40. At 01:33:51, Deputy Jackson immediately runs towards the holding cell and renders aid to Plaintiff. Id. at 01:33:51. At 01:34:27, Deputy Gomez arrived at the holding cell. Id. at 01:34:27.

Plaintiff claims that Deputy Jackson should be held liable because Deputy Jackson heard the interaction between Deputy Tracey and Plaintiff, including his threat of suicide. Plaintiff's depo., p. 115; p. 116, ll. 10-13; Doc. 93, p. 15. He also claims that Deputy Gomez should be held liable because he briefly walked up to the holding cell and heard the interaction/argument between Plaintiff and Deputy Tracey. Doc. 93, p. 16. However, as set forth above, there was approximately 3 minutes and 26 seconds from the time Deputy Tracey began arguing with Plaintiff

until the time that he began sitting and wrapping the phone cord around his neck. As such, there was even less time that Deputies Gomez/Jackson could have been "aware" of Plaintiff's threat of suicide. In general, "once prison officials become aware of an incident, it will inevitably take some time for them to respond." See Stone v. Hendry, 785 Fed. Appx. 763, 770–71 (11th Cir. 2019) (delay of five to ten minutes cannot support deliberate indifference claim); See Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1318 (11th Cir. 2010) (when an officer and a nurse arrived within approximately five minutes after a prisoner's cellmate signaled for help, "[t]he term 'delay' hardly seems to fit the facts at all; but to the extent that one could call the time involved in this case 'delay,' it was only a matter of minutes"); Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1283 (11th Cir. 2017) (holding that a 15-minute delay in a pretrial detainee's transport to an emergency room was not a constitutional violation).

Once Deputies Gomez/Jackson became aware of the situation, they responded as quickly as they could. Under these circumstances, there cannot be an affirmative link between Deputies Gomez/Jackson's actions and the alleged deprivation of a constitutional right. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) (finding no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not"); Rizzo v. Goode, 423 U.S. 362 (1976). Nothing in the record shows that Deputies Gomez/Jackson had subjective knowledge of a *strong*

*likelihood* that Plaintiff's self-infliction of harm would occur. Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir. 2005) (self-infliction of injury is an independent intervening cause, which may suffice to break the causal connection between the conduct of the corrections officer and any injury sustained by an inmate); Bell v. State, 317 Ga. 519, 525 (2023); Granger v. MST Transp., LLC, 329 Ga. App. 268, 270 (2014). Accordingly, the claims against Deputies Gomez/Jackson are without merit and should be dismissed.

## II. Deputies Gomez/Jackson, in their individual capacities, are entitled to qualified immunity.

Plaintiff contends that "Snow and Greason clearly establish—prior to July 8, 2024—that an officer with knowledge of a threat of suicide must take steps to prevent the commission of suicide." Doc. 93, p. 20. Neither is applicable to Deputies Gomez/Jackson. In Snow, the Court found that a jury could find that Officer Chennault subjectively believed that there was a strong risk that Inmate Poiroux would attempt suicide and deliberately did not take any action to prevent her suicide, which occurred several hours after Officer Chennault may have obtained subjective knowledge. Snow ex rel. Snow v. City of Citronelle, AL, 420 F.3d 1262, 1270 (11th Cir. 2005). In Greason, Calvin Brown, the mental health team leader at the GDCC, was warned that Greason was suicidal; did nothing with that information; and, twenty-four days later, Greason was found dead in his cell.

Greason v. Kemp, 891 F.2d 829, 833 (11th Cir. 1990).  In both of these cases, the defendant/officer had subjective knowledge that an individual was suicidal; did nothing with that information; and, after a period of time, the individuals committed suicide.

The record in this case is utterly devoid of any evidence that Deputies Gomez/Jackson had any such specific knowledge.  Rather, when Deputy Jackson initially approached Plaintiff to assess whether he needed assistance, Plaintiff was laughing and stated that he was not suicidal.  Jackson depo., p. 73, ll. 1-7; p. 81, ll. 1-3; p. 82, ll. 15-23; p. 82, ll. 24-25 – p. 83, l. 1; Tracey depo., p. 58, ll. 16-18.  Deputy Gomez has no knowledge of this interaction.  Gomez depo., p. 45, ll. 17-23; IA File, p. 2.  At the time of the argument, Deputy Jackson was not aware of what they were saying to each other.  Jackson depo., p. 78, ll. 8-14; IA File, p. 3.  Deputy Gomez believed that, as a more experienced deputy, Deputy Tracey would handle/report by herself and not that Plaintiff would attempt to harm himself.  Gomez depo., p. 81, ll. 20-25; p. 82, ll. 12-16.  At most, there was approximately 3 minutes and 26 seconds from the time Deputy Tracey began arguing with Plaintiff until the time that he began sitting and wrapping the phone cord around his neck.  As such, there was even less time that Deputies Gomez/Jackson could have been "aware" of Plaintiff's threat of suicide.

Accordingly, Deputies Gomez/Jackson did not have the requisite knowledge

of a strong likelihood that the self-infliction of harm will occur to constitute a constitutional violation and are entitled to qualified immunity. Gantt v. Everett, 162 F.4th 1107, 1112 (11th Cir. 2025) ("Perhaps Everett acted negligently in rendering aid. Perhaps she should have ensured that another deputy was in the A Block before unlocking Gantt's cell. Perhaps she could have made her way back to the A Block with greater haste. But the Fourteenth Amendment does not prohibit negligence; it prohibits 'subjective recklessness as used in the criminal law.'").

### III. The Court should not exercise supplemental jurisdiction of Plaintiff's state law claims.

Deputies Gomez/Jackson are also entitled to official immunity as to Plaintiff's state law claims.[1] See Ga. Const. of 1983, Art. I, § II, ¶ IX(d); Gilbert v. Richardson, 264 Ga. 744, 753, 452 S.E.2d 476, 483 (1994). However, to the extent any of Plaintiff's state law claims are not dismissed, the Court should not exercise supplemental jurisdiction over same. The doctrine of supplemental jurisdiction or

---

[1] Following an internal investigation, it was determined suicide-prevention procedures could have begun after Plaintiff and Deputy Tracey were arguing. Gomez depo., p. 66, ll. 5-9. As discussed supra-Sec. I-II, there was not enough time to create a ministerial duty and Deputies Gomez/Jackson exercised their discretion while monitoring the facility. See Jackson v. West, 787 F.3d 1345, 1352 (11th Cir. 2015); Smithers v. Tweedy, 375 Ga. App. 877 (2025), cert. denied (Nov. 18, 2025) (Deputy who worked at jail as wing control officer had "discretionary duty" to monitor facility through video surveillance cameras, and thus was entitled to qualified immunity with respect to wrongful death action); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (officer conducting arrest was clearly "acting within the course and scope of his discretionary authority").

pendant jurisdiction permits "federal courts to decide certain state-law claims involved in cases raising federal questions" when doing so would promote judicial economy and procedural convenience. Ameritox, Ltd. v. Millennium Labs., Inc., 803 F.3d 518, 530 (11th Cir. 2015) (cit. omitted); See 28 U.S.C. § 1367(c)(3) (permitting district courts to decline to exercise supplemental jurisdiction over state-law claims when "the district court has dismissed all claims over which it has original jurisdiction").

Here, as discussed above, Plaintiff's federal claims are subject to dismissal and the Court should decline to exercise supplemental jurisdiction.

### IV. Plaintiff is not entitled to punitive damages or attorney's fees under 42 U.S.C. § 1988.

42 U.S.C. § 1988(b) provides, in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

Thus, §1988 only authorizes fee awards to "prevailing parties." Ellis v. Wright, 293 Fed. Appx. 634, 634 n.1 (2008) (citing 42 U.S.C. § 1988). A party is not a prevailing party until they have prevailed on the merits of at least one of their

claims. Id. As Plaintiff cannot prevail on his § 1983 action, he is not entitled to attorney's fees under 42 U.S.C. § 1988.

Under federal law, although punitive damages may be awarded against government officials sued in their individual capacity, Kentucky v. Graham, 473 U.S. 159, 167 n.13 (1985), "the evidence must [show] that the defendant was motivated by an evil motive or intent, or there must be reckless or callous indifference to federally protected rights." Anderson v. City of Atlanta, 778 F.2d 678, 688 (11th Cir. 1985). As discussed above, Plaintiff cannot show that Deputies Gomez/Jackson violated Plaintiff's rights or that they acted with an evil motive or intent. As such, Plaintiff is not entitled to punitive damages under federal law.

## Conclusion

WHEREFORE, for all the reasons herein, Deputies Gomez/Jackson respectfully request that this Honorable Court grant their Motion for Summary Judgment as to Plaintiff's remaining claim against them.

This 23rd day of January, 2026.

Respectfully submitted,

**BUCKLEY CHRISTOPHER & HENSEL, P.C.**

/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
ERIC J. O'BRIEN

2970 Clairmont Road, NE  
Suite 650  
Atlanta, Georgia 30329  
(404) 633-9230  
(404) 633-9640 (facsimile)  
tbuckley@bchlawpc.com  
eobrien@bchlawpc.com  

Georgia State Bar No. 383754  
Attorneys for Defendants Gomez & Jackson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 23, 2026, I filed and served DEFENDANT RAUL GOMEZ AND SHENEQUA JACKSON'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT upon all parties to this matter using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Jeff Filipovits, Esq.<br>Wingo Smith, Esq.<br>Spears & Filipovits, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>jeff@civil-rights.law<br>wingo@civil-rights.law | James M. Slater, Esq.<br>Slater Legal PLLC<br>2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>james@slater.legal |
| Jason C. Waymire, Esq.<br>Williams & Waymire<br>4330 South Lee Street<br>Bldg. 400, Suite A<br>Buford, Georgia 30581<br>jason@wmwlaw.com | Michael G. Frankson, Esq.<br>Antonio E. Veal, Esq.<br>Lindsey Adams, Esq.<br>Huff, Powell, & Bailey, LLC<br>999 Peachtree Street, Ste. 950<br>Atlanta, Georgia 30309<br>mfrankson@huffpowellbailey.com<br>aveal@huffpowellbailey.com<br>ladams@huffpowellbailey.com |

Respectfully submitted,[2]

**{Signature on the following page.}**

---

[2] This is to further certify that this document was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1(C).

|  |  |
|---|---|
|  | **BUCKLEY CHRISTOPHER & HENSEL, P.C.** |
|  | /s/ Timothy J. Buckley III |
|  | TIMOTHY J. BUCKLEY III |
|  | Georgia State Bar No. 092913 |
|  | ERIC J. O'BRIEN |
|  | Georgia State Bar No. 383754 |
| 2970 Clairmont Road, NE | Attorneys for Defendants Gomez & Jackson |
| Suite 650 |  |
| Atlanta, Georgia  30329 |  |
| (404) 633-9230 |  |
| (404) 633-9640 (facsimile) |  |
| tbuckley@bchlawpc.com |  |
| eobrien@bchlawpc.com |  |