IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EZRA SMITH, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:24-cv-05158-TWT |
| MONIQUE TRACEY, *et al*., | ) | |
| Defendants. | ) | |

**DEFENDANT TRACEY'S RESPONSE TO PLAINTIFF'S CLAIMED
FACTS RELATING TO SUMMARY JUDGMENT MOTIONS**

COMES NOW Defendant TRACEY and responds to Plaintiff's Statement of Material Facts (Doc. 91) in connection with Defendants' Motions for Summary Judgment:

1. On July 6, 2024, Plaintiff was released from a psychiatric hospital after being treated for suicidal ideations. Smith Dep. 92:17.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

2. On July 8, 2024, after his release from treatment, Plaintiff was transported to the Rockdale County Jail to be detained for a for a probation violation. Pittman George Dep. 27:13–28:5.

RESPONSE: Partial objection - the cited evidence supports Plaintiff was detained for violation of a TPO obtained by his wife, not for a probation violation.

3.  On July 8, 2024, Plaintiff was being held in a booking cell with other detainees. Tracey Dep. 58:19-23; Gomez Dep. 29:18-21.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

4.  On July 8, 2024, Defendants Gomez, Tracey, and Jackson were assigned to the booking area of the jail. Jackson Dep. 58:24–59:8; Tracey Dep. 39:6- 15; Gomez Dep. 21:23-25.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

5.  Among the duties of Defendants Gomez, Tracey, and Jackson were to process inmates who were held in the booking cells. Jackson Dep. 59:24– 60:15; Tracey Dep. 39:16-20.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

6.  While Plaintiff was held in the holding cell, he was thinking about committing suicide and talked about it with the other inmates in his cell. Smith Dep. 77:19– 78:1; 79:2–7.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

7.  Specifically, Plaintiff told the other inmates that he planned to kill himself in front of his wife. Doc. 89-1, Declaration of Ezra Smith ("Smith Decl.") ¶¶ 5-6.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

8.  Although Plaintiff often joked about committing suicide, he only did so because he was actively considering committing suicide. Smith Dep. 79:2– 4; 84:16–23; 103:15–104:16.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

9. Although Plaintiff told the other inmates that he was joking about killing himself in front of his wife, one of the inmates decided to tell detention officers about Plaintiff's statements. Smith Dep. 78:7–10, 85:17–25.

RESPONSE:  This statement is material to Defendant Tracey's motion for summary judgment only to the extent it confirms that Plaintiff was joking about being suicidal, which was soon conveyed to officers.

10.  As a result, some of the detainees called out on the intercom that, "He's going to kill himself. This white guy says he's going to kill himself." Tracey Dep. 57:17-21, 58:19-25, 59:9-20; Jackson Dep. 70:11–16, 71:19–21.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

11.   The intercom system allows inmates to communicate with detention officers who are at the desk of the holding area. Jackson Dep. 71:21–72:14.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

12.  Defendant Jackson heard the report over the intercom that Plaintiff was suicidal. Jackson Dep. 72:19–22.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

13.  Defendant Jackson falsely claims that after the initial suicide report, they checked on the booking cell and Plaintiff and others were laughing. Jackson Dep. 71:25–72:7. Defendant Jackson also falsely claims that, after the initial report that Plaintiff was suicidal, Plaintiff was laughing and joking. Jackson Dep. 81:13–23.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

14.  In reality, neither Defendant Jackson nor any other detention officer went to the cell to check on Plaintiff. See generally Doc. 89-6, Ezra Smith Booking Area 07-09-2024.mp4. Neither Defendant Tracey nor Jackson approached the booking cell; they both stayed on their platform. Tracey Dep. 60:11-25.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

15. Plaintiff never told any of the officers that he was joking. Smith Decl. ¶ 7.

RESPONSE:  Objections, and denied in the form and manner stated.  (1) This statement violates the sham affidavit rule because it conflicts with Plaintiff's deposition testimony. See *Van T. Junkins & Assocs. v. U.S. Indus., Inc*., 736 F.2d 656, 657 (11th Cir. 1984).  Plaintiff testified the intercom call about a "white guy" being suicidal was based on his "joke" to other inmates. Smith Dep. at 77:19 – 78:1, 148:14-15. Tracey could see on the video monitor that Smith was denying the implication he was suicidal. Tracey Dep. at 57-58, 59-60.  All of the inmates including Smith were standing around laughing. Tracey Dep. at 60:13-14. (2) Because at the time of his joke Smith did not tell any officer (or anyone else) he was suicidal except in the form of a joke to another inmate(s), it is irrelevant to Defendant Tracey's motion whether Plaintiff told any officer he was joking.

16. After the report that Plaintiff was suicidal from other inmates, Plaintiff's mother called the jail and spoke to Defendant Tracey. Tracey Dep. 50:15– 51:9, 59:1-4.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

17.  Defendant Tracey put Plaintiff's mother's call on speaker phone in the booking area. Tracey Dep. 52:6-7.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

18.  Plaintiff's mother told Defendant Tracey that her son was just released from a crisis center because of his suicidal behavior and that he "didn't feel like he had a reason to go on." Pittman George Dep. 37:15–38:8.

RESPONSE:  Objection. The cited evidence supports only the claim by Plaintiff's mother that she explained to Tracey that Plaintiff was released from the "crisis center" and had stated before going to the "crisis center" that he had "no reason to go on."  Pittman George Dep. at 37-39.

19.  Plaintiff's mother told Defendant Tracey she was worried about Plaintiff and gave her the backdrop on everything that had happened with Plaintiff's wife leaving him and his suicidal ideations. Pittman George Dep. 35:23– 36:12, 37:15-23.

RESPONSE:  Objection. The cited evidence does not support anything about Plaintiff having "suicidal ideations" or Plaintiff's mother saying that to Defendant Tracey.

20.  Plaintiff's mother told Defendant Tracey she was "worried about" Plaintiff and asked Defendant Tracey to look out for him because it was possible he could hurt himself. Pittman George Dep. 36:7-12.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

21. In response, Defendant Tracey told Ms. Pittman George that she would look out for Plaintiff. Pittman George Dep. 37:15-23.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

22. At about 1:00 a.m., all other inmates in the holding cell had been processed and Plaintiff was the only one who remained in the cell. Jackson Dep. 74:16–19; Gomez Dep. 80:13–23.

RESPONSE:  Not disputed.

23.  After other inmates were removed from Cell 7, Defendants Tracey and Jackson got to a final folder for processing—Plaintiff's blue folder. Tracey Dep. 39:21-40:24.  Defendant Tracey asked Defendant Jackson whose folder it was, to which Defendant Jackson replied, "I'm not doing that folder." Tracey Dep. 40:10-17.  According to Defendant Tracey, the folder was being moved from table to table. Tracey Dep. 53:24-25.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

25. Defendant Jackson told Defendant Tracey that Plaintiff was "a prick. He can stay there." Tracey Dep. 40:18-24. Jackson told Defendant Tracey to just leave the

folder, that it was "that prick's folder," that Plaintiff was a "white privilege prick." Tracey Dep. 54:1–55:1.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

26. Defendant Jackson told Defendant Tracey that Plaintiff had previously "showed out in court," Tracey Dep. 40:18-24, and that Plaintiff "got in front of the Court and started acting stupid." Tracey Dep. 54:4-7.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

27. Defendant Jackson told Defendant Tracey to leave Plaintiff in the cell, to "forget him." Tracey Dep. 46:4-11.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

28. Plaintiff became increasingly depressed after he was left alone in the holding cell. Smith Dep. 45:19–25.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

29. Once alone, Plaintiff started banging on his cell door. Jackson Dep. 75:9–12; Tracey Dep. 40:25-41-7.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

30. Defendants Tracey, Jackson, and Gomez could each hear Plaintiff banging and mule kicking the door. Tracey Dep. 49:4-13.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

31. Plaintiff then started to kick the cell door to get the officers' attention. Smith Dep. 46:10–13.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

32. Defendant Tracey knew that there was a phone with a cord in Cell 7. Tracey Dep. 84:17–85:14.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

33. Defendant Gomez knew that there was a phone with a cord in Cell 7. Gomez Dep. 80:21–81:3.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

34. Jackson knew that the holding cells had phones inside of them. Jackson Dep. 27:10–12.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

35. Jackson knew that the phones in the holding cells had metal cords. Jackson Dep. 28:2–10.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

36. Defendants Jackson, Gomez, and Tracey each knew that Plaintiff was alone in Cell 7. Gomez Dep. 80:21-23; Tracey Dep. 40:25-41-7, 46:4-11.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

37. As shown in the below screenshot, the phone cord in Cell 7 was long enough to wrap around a person's neck. Doc. 89-9, Jackson Body Camera at 00:00:34.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

38. Plaintiff was kicking and repeating "I'm going to kill myself" and "let me out." Tracey Dep. 49:17–50:6.

RESPONSE:  The cited evidence supports this statement.

39. In response, Defendant Jackson told Defendant Tracey that Plaintiff could "bang all night. He can do it all night." Tracey Dep. 41:1-7.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

40. Defendant Gomez knew that Plaintiff stated that he wanted to kill himself. Gomez Dep. 49:17-25, 50:11-12.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

41. Defendant Jackson told Defendant Tracey, referring to Plaintiff, that "All he's going to do is cry 52. I'm not dealing with him." Tracey Dep. 57:7-15.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

42. 52" refers to the code for suicide. Tracey Dep. 60:4-10; Gomez Dep. 18:7-9.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

43. Defendant Jackson denies stating to Defendant Tracey that she didn't want to deal with Plaintiff because he'd "cry 52" meaning that he would claim to be suicidal. Jackson Dep. 96:3–8.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

44. After Plaintiff had been kicking his cell door and banging his head against the door, Defendant Tracey approached the holding cell. Smith Dep. 46:10–13.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

45. Defendant Jackson then saw Defendant Tracey go to the cell door and observed Plaintiff and Defendant Tracey yelling at each other. Jackson Dep. 76:5–10.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

46. Plaintiff asked Defendant Tracey why he was the only person in the cell who hadn't been processed and asked if he could make a phone call. Smith Dep. 47:9–14.

RESPONSE: Objection - the cited evidence does not support this statement.

47. Defendant Tracey told Plaintiff not to kick the door and then told Plaintiff she had spoken with Plaintiff's mother. Smith Dep. 47:25–48:12.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

48. Defendant Tracey insinuated and gestured to Plaintiff that his mother was crazy. Smith Dep. 48:11–25.

RESPONSE: The cited testimony supports this statement.

49. Defendant Tracey also told Plaintiff to take the number of hours he had been in Cell 7 and double it and that's how long he'd have to sit in booking before

being processed. Smith Dep. 52:17–53:7. Plaintiff understood this as a threat. Smith Dep. 53:8-15.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

50. Defendant Tracey then told Plaintiff that he was a "piece of shit," told him to kill himself multiple times, and gestured that he should hang himself. Smith Dep. 48:11–25; Doc. 89-2, Verified Response No. 7 to Defendant Gomez's First Set of Interrogatories.

RESPONSE: Objection. Plaintiff cannot use his own interrogatory response as admissible evidence. *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 167-68 (3d Cir. 1995) (holding that a response to an interrogatory cannot be admitted on the basis that the interrogatory was signed and sworn under penalty of perjury because the response "lacks the 'circumstantial guarantee of trustworthiness contemplated by Rule 803(24) of the Federal Rules of Evidence."); *Gilmore v. Macy's Retail Holdings*, Civil No. 06-3020 (JBS), 2009 U.S. Dist. LEXIS 4937, 2009 WL 140518, at *9-10 (D. N.J. Jan. 20, 2009) ("a litigant may not introduce statements from its own answers to interrogatories or requests for admission as evidence because such answers typically constitute hearsay when used in this manner.") (collecting cases); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541-42 (10th Cir.

1995); *Johnson v. Gestamp Alabama, LLC*, 946 F. Supp. 2d 1180, 1196 (N.D. Ala. 2013) (reviewing authorities).

51. As shown in the below screen shot, at about 1:28 a.m., Defendant Tracey gestured that Plaintiff should hang himself and told him to commit suicide. Doc. 89-6, Ezra Smith Booking Area 07-09-2024.mp4 at 01:28:41; Smith Dep. 55:2–8. At that point, Defendant Tracey knew that Plaintiff had stated that he was suicidal. Smith Dep. 49:1–3.

RESPONSE: Partial objection. The cited evidence supports only that Plaintiff stated he was suicidal and Tracey told him to kill himself. (Defendant denies that contention as a matter of fact, but for purposes of summary judgment the Court can credit Plaintiff's testimony on this point.)

52. Plaintiff was upset because he was the last one in the cell, she heard him say he was suicidal, and she heard Defendant Tracey tell him to "do it" and made a choking noise at Plaintiff. Doc. 89-11, Merit Board Hearing - M. Tracey-20240830_100444-Meeting Recording.mp4 at 25:24–25:55.

RESPONSE: Objection – the cited evidence consists of unsworn statements by Deputy Jackson, which is hearsay and not admissible against Defendant Tracey. See *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1279 (11th Cir. 2009) (holding that codefendant's unsworn statement was hearsay that was not admissible against objecting defendant).

53. Defendant Jackson heard Plaintiff scream to Deputy Tracey that he was suicidal. Jackson Dep. 82:2–6.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

54. Defendant Jackson did not take any action after hearing Plaintiff say that he was suicidal because she "figured he was just upset." Jackson Dep. 82:7–10.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

55. Defendant Gomez was initially standing next to Defendant Tracey as she encouraged Plaintiff to commit suicide. Doc. 89-6, Ezra Smith Booking Area 2 07-09-2024.mp4 at 01:28:28. Defendant Gomez heard Plaintiff say he was suicidal. Gomez Dep. 81:4-6.

RESPONSE: Objections – (1) this statement is not material to Defendant Tracey's motion for summary judgment; and (2) the cited evidence does not support any claim about what Defendant Tracey said.

56. The exchange between Defendant Tracey and Plaintiff was loud and heard throughout the booking area of the jail. Doc. 89-11, Merit Board Hearing M. Tracey-20240830_100444-Meeting Recording.mp4 at 00:37:02.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

57. Defendant Jackson heard Deputy Tracey yell "do it" to Plaintiff while she was standing outside of the booking cell. Jackson Dep. 76:15–19.

RESPONSE:  Objection – the cited evidence does not support this statement.

58. Defendant Jackson heard Plaintiff yell to Defendant Tracey that he was suicidal. Jackson Dep. 76:20–23.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

59. Defendant Gomez did not report what he saw and heard. Gomez Dep. 83:23-25.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

60. Defendant Sanchez heard the following exchange between Defendant Tracey and Plaintiff: Defendant Tracey said things like "stop kicking on the fucking door" and being very nasty, Tracey said "your fucking mommy was calling up here asking about you," and in response to Plaintiff stated that he was going to kill himself, Defendant Tracey said "Don't talk about it, be about it. Fucking do it." Doc. 89-11, Merit Board Hearing - M. Tracey-20240830_100444-Meeting Recording.mp4 at 00:40:15.

RESPONSE: Objection – the cited evidence consists of unsworn statements by Nurse Sanchez, which is hearsay and not admissible against Defendant Tracey.

61. After Defendant Tracey left the cell door, Plaintiff used the intercom to speak with a female officer at the booking desk. Smith Dep. 57:7–58:9, 58:23–59:17.

RESPONSE:  The cited testimony supports this statement.

62. Plaintiff knew that he spoke with a female officer, and that the officer was not Defendant Tracey. Smith Dep. 57:7–58:9, 58:23–59:17. Defendant Gomez is a male officer. Jackson Dep. 59:25–60:2. The only other female officer on duty was Defendant Jackson. Gomez Dep. 25:15-21.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

63. Plaintiff told Defendant Jackson that he was suicidal. Smith Dep. 57:7– 58:9; 58:23–59:17.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

64. Defendant Tracey told Defendant Jackson to tell Plaintiff to kill himself and then told Defendant Jackson to hang up the intercom. Smith Dep.57:7–58:9; 58:23–59:17.

RESPONSE: The cited evidence supports this statement. (Defendant denies that contention as a matter of fact, but for purposes of summary judgment the Court can credit Plaintiff's testimony on this point.)

65. Defendant Jackson hung up the intercom. Smith Dep. 57:7–58:9; 58:23-59:17.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

66. According to Defendant Tracey, Defendant Jackson knew that Plaintiff had previously tried to hang himself in Cell 6, that "he did the same thing." Tracey Dep. 55:9-21.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

67. Defendants Tracey and Jackson then stopped answering the intercom, and Plaintiff began hitting his head against the cell door and then the cell wall. Smith Dep. 59:10–17; 61:23–62:2.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

68. When Plaintiff started banging on the glass with his head, Defendant Tracey said, "Oh, my God. He's doing it with his head." Tracey Dep. 49:6-13. Defendant Jackson or Gomez responded "He's got a hard head. He's fine." Tracey Dep. 49:12-21.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

69. No one who heard Plaintiff tell Defendant Tracey he was suicidal, heard Defendant Tracey to repeatedly tell Plaintiff to kill himself, and heard Plaintiff

state that he was going to kill himself checked on him for approximately five minutes. Doc. 89-6, Ezra Smith Booking Area 07-09-2024.mp4 at 01:29:10– 01:34:15.

RESPONSE:  Objection – this statement falsely assumes that observing Plaintiff by video—which Defendant Tracey did in the time frame in question—is not "checking on" Plaintiff. See Tracey Dep. at 41:8-16 (explaining her viewing Plaintiff on the surveillance camera).

70. Minutes after Defendant Tracey urged Plaintiff to kill himself, Plaintiff stopped hitting his head against the cell wall, he took the phone cord in the cell, wrapped it around his neck, lowered his body, and hung himself. Smith Dep. 62:17–25.

RESPONSE:  Partial objection. The cited evidence supports that Plaintiff used the phone cord to hang himself, nothing more.

71. The video feed from the holding cell shows Plaintiff wrapping the telephone around his neck, then his head and body move off-screen until only his prone legs and feet can be seen. Doc. 89-6, Holding Cell Video 01:31:13–01:31:46.

RESPONSE:  This statement technically is correct, with the extremely important caveats that the cord wrapping part of the video (Holding Cell Video 01:31:14) is very brief (roughly a second) and Plaintiff sits on the bench. Nothing in the video view would inform an observer that Plaintiff is about to attempt in self-harm.

72. After Defendant Tracey no longer heard any noise from Plaintiff she [went] to check inside the cell. Tracey Dep. 41:15-17.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

73. When Defendant Sanchez responded to Plaintiff's suicide attempt, she observed that Plaintiff had turned blue and that he didn't have a pulse. His nose was bleeding and he had urinated on himself. Sanchez Dep. 82:13–18.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

74. Defendant Tracey described Plaintiff as "purple," that his eyes were "crystal," and there was blood coming out of his eyes and ears. Tracey Dep. 41:15-20. The following image depicts Plaintiff just after the cell was breached.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

75. Plaintiff was eventually revived and taken by ambulance to the hospital. Doc. 89-2, Verified Response No. 7 to Defendant Gomez's First Set of Interrogatories.

RESPONSE: While the evidence cited is not admissible, the substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

76. Following the incident, Plaintiff was diagnosed with myalgia, conjunctival, hemorrhage, elevated blood pressure, transaminitis, and major depressive disorder. Doc. 89-2, Verified Response No. 12 to Defendant Gomez's First Set of Interrogatories. Plaintiff continues to suffer from back pain, difficulty raising his left arm above his head, difficulty breathing, and head trauma and pain. Id.

RESPONSE:  Objections – (1) this statement is not material to Defendant Tracey's motion for summary judgment; (2) Plaintiff cannot use his own interrogatory response as admissible evidence. *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 167-68 (3d Cir. 1995) (holding that a response to an interrogatory cannot be admitted on the basis that the interrogatory was signed and sworn under penalty of perjury because the response "lacks the 'circumstantial guarantee of trustworthiness contemplated by Rule 803(24) of the Federal Rules of Evidence."); *Gilmore v. Macy's Retail Holdings*, Civil No. 06-3020 (JBS), 2009 U.S. Dist. LEXIS 4937, 2009 WL 140518, at *9-10 (D. N.J. Jan. 20, 2009) ("a litigant may not introduce statements from its own answers to interrogatories or requests for admission as evidence because such answers typically constitute hearsay when used in this manner.") (collecting cases); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541-42 (10th Cir. 1995); *Johnson v. Gestamp Alabama, LLC*, 946 F. Supp. 2d 1180, 1196 (N.D. Ala. 2013) (reviewing authorities).

77. Plaintiff also continues to experience psychological trauma, including anxiety. Id. Following the incident, Plaintiff continued to have suicidal ideations, which increased because the experience of dying at the jail made him feel like death was easy. Id. Plaintiff has battled with thoughts of committing self-harm again, particularly because of the ease in which he was able to do it at the jail in July 2024. Id.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

78. Defendant Tracey served as a detention deputy for the Rockdale County Sheriff's Office ("RCSO") at the Rockdale County Jail for approximately 16 years prior to her termination. Tracey Dep. 15:3-19.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

79. As part of her duties as a detention deputy at RCSO, Defendant Tracey received annual training on suicide protocols and intervention. Tracey Dep. 19:12-20.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

80. Defendant Tracey was also trained on RCSO General Order 5.22. Tracey Dep. 23:23–24:14.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

81. According to General Order 5.22, "Any inmate who threatens or attempts self mutilation or suicide will be viewed as a mental health emergency." Doc. 74-1, General Order 5.22; Tracey Dep. 24:15-23.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

82. RCSO detention staff have no discretion in determining the legitimacy of a suicide threat. Doc. 89-10, Merit Board Hearing - M. Tracey-20240823_090650-Meeting Recording.mp4 at 1:18:00-20:00, 51:02-51:15.

RESPONSE:  Objections. The cited evidence consists of Deputy Tracey's agreement about a response to an actual suicide threat. (1) The first objection here is that officers must use discretion to judge what is actually a suicide threat, given the infinite variety in human communications.  (2) Defendant Tracey was not a RCSO policy-maker, so that regardless of her understanding, she did not determine the actual policy.  The actual policy was RCSO General Order 5.22.

83. Defendant Tracey understood General Order 5.22 to mean that when a detainee threatens suicide, the detention deputy should view such threat as a mental health emergency and not assess whether the threat was legitimate or not legitimate. Tracey Dep. 26:2-13; Doc. 74-1.

RESPONSE:  Partial objection. Deputy Tracey's cited testimony reflects her understanding that officers lacked the medical training to judge the legitimacy of an actual suicide threat. The remaining part of the statement is unsupported.

84. Defendant Tracey recognizes that under RCSO policy, when when an inmate threatens suicide, deputies do not have any discretion. They can't decide whether it is a legitimate, bona fide, sincere threat of suicide that the deputy is to immediately take that threat and escalate it to somebody to a mental health professional that's on duty. Doc. 89-10, Merit Board Hearing - M. Tracey-20240823_090650-Meeting Recording.mp4 at 1:19:03– 1:19:47.

RESPONSE:  Objections. The cited evidence consists of Deputy Tracey's agreement about a response to an actual suicide threat. (1) The first objection here is that officers must use discretion to judge what is actually a suicide threat, given the infinite variety in human communications. (2) Defendant Tracey was not a RCSO policy-maker, so that regardless of her understanding, she did not determine the actual policy.  The actual policy was RCSO General Order 5.22. (3) At the time of Plaintiff's suicide threat in this case, roughly 1:30 am, there was no mental health professional on duty and the on-duty nurse heard the threat. Accordingly, this statement has no relevance to Deputy Tracey's motion for summary judgment.

85. Suicide prevention protocols can be implemented by either medical staff or jail personnel. Doc. 89-11, Merit Board Hearing - M.Tracey-20240830_100444-Meeting Recording.mp4at 00:50:33.

RESPONSE:  The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

86. Defendant Tracey also recognizes that deputies do not have the discretion to determine whether an inmate's threat of suicide is a joke, or whether they are laughing. The threat must still be communicated to medical personnel. Doc. 89-10, Merit Board Hearing - M. Tracey-20240823_090650-Meeting Recording.mp4 at 1:19:47–1:20:08.

RESPONSE:  Objections. The cited evidence consists of Deputy Tracey's agreement about a response to an actual suicide threat. (1) The first objection here is that officers must use discretion to judge what is actually a suicide threat, given the infinite variety in human communications. (2) Defendant Tracey was not a RCSO policy-maker so that, regardless of her understanding, she did not determine the actual policy.  The actual policy was RCSO General Order 5.22. (3) At the time of Plaintiff's suicide threat in this case, roughly 1:30 am, there was no mental health professional on duty and the on-duty nurse heard the threat. Accordingly, this statement has no relevance to Deputy Tracey's motion for summary judgment.

87. Defendant Jackson also understood that regardless of her personal opinion on whether the threat of suicide was legitimate, if someone threatens suicide there are certain protocols that must be taken. Doc. 89-11, Merit Board Hearing - M. Tracey-20240830_100444-Meeting Recording.mp4 at 33:48-34:09. She also understood that when she heard Plaintiff's threats and Defendant Tracey's taunts at the cell door that, based on her training under the policies and procedures of the RCSO, she was required to treat that as a medical emergency. Merit Board Hearing - M. Tracey-20240830_100444-Meeting Recording.mp4at 34:10-34:32.

RESPONSE:  Objections – (1) this statement is not material to Defendant Tracey's motion for summary judgment, particularly since Deputy Jackson has no authority to make policy for the RCSO; (2) the cited evidence consists of unsworn statements by Deputy Jackson, which is hearsay and not admissible against Defendant Tracey.

88. Defendant Gomez understood the importance of following RCSO procedures in the jail. Gomez Dep. 14:6-17. He also understood that he had a duty to follow RCSO policies and procedures. Gomez Dep. 14:3-5.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

89. As part of her training on suicide intervention and prevention, Defendant Tracey and other RCSO detention deputies would role play intervention, which

included methods to restrain the detainee, dress them in the appropriate gear, shower them, take them to see a nurse, and then place them in a padded suicide prevention cell. Tracey Dep. 20:20–21:5.

RESPONSE: Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

90. The booking area at the Rockdale County Jail had two padded cells. Tracey Dep. 21:6-10.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

91. While the booking cells at the Rockdale County Jail had a phone with a cord, the padded cells did not. Tracey Dep. 21:13-18.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

92. If Plaintiff had been placed on suicide watch, he would have been moved to a different cell. Jackson Dep. 83:7–16.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

93. There were suicide watch cells available the evening of Plaintiff's suicide attempt. Jackson Dep. 85:2–4.

RESPONSE: Objection – the cited evidence does not support this statement.

94. Officers are authorized to place an individual on suicide watch without waiting for medical staff to approve the decision. Jackson Dep. 85:11-23.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

95. Defendant Sanchez stated that she did not take any action to place Plaintiff on suicide watch because "everything happened so fast." Doc. 89-11, Merit Board Hearing - M. Tracey-20240830_100444-Meeting Recording.mp4 at 00:50:50.

RESPONSE: The substance of this statement is not disputed for purposes of Defendant Tracey's summary judgment motion.

96. Defendant Tracey denies that she said "do it" to Plaintiff. Doc. 89-11, Merit Board Hearing - M. Tracey-20240830_100444-Meeting Recording.mp4 at 01:03:00.

RESPONSE: Objections – the cited evidence does not support this statement. That said, Defendant Tracey affirms (here) that she did not tell Plaintiff to commit suicide. To the extent Plaintiff claims Tracey's position about that is false, Plaintiff provides no supporting evidence for that point in statement 96.

96.1 Defendant Jackson claims that she has the discretion in determining whether to report a threat of suicide. Jackson Dep. 80:8–13. But she agreed with the Merit Board that she had none. Doc. 89-11, Merit Board Hearing - M. Tracey-20240830_100444-Meeting Recording.mp4 at 33:48-34:09.

RESPONSE:  Objections – (1) this statement is not material to Defendant Tracey's motion for summary judgment, particularly since Deputy Jackson had no authority to create policy for the Sheriff's Office. (2) the cited part of the merit board hearing recording consists of unsworn statements by Deputy Jackson, which is hearsay and not admissible against Defendant Tracey.

97. Defendant Jackson denies that she tried to delay processing Plaintiff's folder or commenting about his "white privilege" or that he would "cry 52." Compare Tracey Dep. 54:1–55:1 & 57:7-15 with Jackson Dep. 96:17- 21 & 97:3-5.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

98. Defendant Jackson claims she went up to the cell and spoke to Plaintiff when the other inmates called on the intercom earlier in the day. Jackson Dep. 72:19–73:15. Defendant Tracey denies this ever happened. Tracey Dep. 60:11-25.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

99. Defendant Jackson also omitted what Tracey said to Plaintiff in her initial incident report. Doc. 89-3, Incident Report.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

100. Defendant Tracey stated that Defendant Gomez came up after the incident, laughing. Tracey Dep. 42:13-16. According to her, when she asked why he was laughing, he said "I can't believe you was just telling him to do it, and he did it" and that he couldn't believe Plaintiff was "dumb enough to do it." Tracey Dep. 42:17-24. Defendant Gomez thought it was "hilarious" that Plaintiff attempted suicide. Tracey Dep. 61:21-25.

RESPONSE:  Objection - this statement is not material to Defendant Tracey's motion for summary judgment.

WILLIAMS & WAYMIRE, LLC


*/s/ Jason C. Waymire*
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorneys for Defendant Tracey

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
(678) 541-0790
(678) 541-0789(f)
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the within and foregoing RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS on all parties via the Court's electronic filing system.

This 23 day of January, 2026.

WILLIAMS & WAYMIRE, LLC

*/s/ Jason C. Waymire*
JASON C. WAYMIRE
Georgia Bar No. 742602