IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:24-cv-05158-TWT |
| v. ) | |
| ) | |
| DEPUTY MONIQUE TRACEY, ) | |
| DEPUTY RAUL GOMEZ, DEPUTY ) | |
| SHENEQUA JACKSON, and ERICA ) | |
| SANCHEZ, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ERICA SANCHEZ'S**
**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Erica Sanchez ("Defendant Sanchez") submits her Reply Brief in Support of her Motion for Summary Judgment.

**I.  INTRODUCTION**

This Court should grant Defendant Sanchez's Motion. The issues in this case are what information Defendant Sanchez had in real time, what she could have done in real time, and what evidence, if any, bears on the truth of the relevant elements of Plaintiff's claims. A slowing down of a video for a second-by-second analysis does not *prove* Plaintiff's case because it is viewed out of context. When viewed with the full facts and circumstances of this case, no rational factfinder could find that Defendant Sanchez is liable for Plaintiff's actions when he attempted to die by

1

suicide. Therefore, Plaintiff's claims against Defendant Sanchez should be summarily adjudicated in her favor.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A. Summary Judgment Standard and Controlling Precedent.[1]

"Evidence submitted in support of a summary judgment motion must set out facts that would be admissible under the Federal Rules of Evidence."[2]

### B. There is no admissible evidence that allows Defendant Sanchez to reasonably infer that there was a strong likelihood that Plaintiff would attempt suicide.

There is no evidence that Defendant Sanchez deliberately disregarded a strong likelihood of the self-infliction of harm. If the Court views the evidence in this case in the full context of the facts and circumstances of the case, no rational factfinder could find that Defendant Sanchez had knowledge of Plaintiff's suicidal tendencies. Consistent with the uncontradicted testimony of all the individuals present at the jail, inmates consistently yell, curse, argue, and bang on the doors to communicate with staff. Inmates also use threats or statements about mental health conditions or suicide for secondary gains or to otherwise obtain information. As explained below, because Defendant Sanchez was only aware that an unknown inmate was acting consistent

---

[1] Defendant Sanchez incorporates the standard of review from her initial summary judgment brief.
[2] *Funderburk v. Fannie Mae*, 654 F. App'x 476, 477 (11th Cir. 2016); Fed. R. of Civ. P. 56(c)(4).

normal jail actions and interactions, she did not have knowledge that Plaintiff was a substantial risk to commit suicide.

The actual circumstances show that Defendant Sanchez did not have information or knowledge that Plaintiff was a substantial risk to self-harm. Plaintiff explained that his mood changed because of a breakup that pre-dated his arrest and because he could not get adequate answers about his booking time.[3] Plaintiff explained that he "violently kicked" the door because he wanted to get the deputies attention and "they can't turn it [the kicking] off."[4] Although Plaintiff states he was depressed, when he talked with Deputy Tracey, he only asked her what was taking so long to be processed; told her he was there a long time; and asked to use the phone.[5] Finally, according to Plaintiff, he banged his head against the window and the wall and he stopped because no deputies responded to him.[6] After not getting the wanted response from the deputies, he used the phone cord to attempt to commit suicide because "that's what Tracey told me to do."[7] In this context, Defendant Sanchez heard a raised voice exchange between or among Plaintiff (whose identity was unknown), Defendant Tracey, and unknown deputies that did not indicate a strong likelihood that Plaintiff would self-harm. Plaintiff continued to seek attention

---

[3] Ezra Smith Dep. T. 35:13-23.
[4] *Id.* at 37:1-8.
[5] *Id.* at 47:9-14.
[6] *Id.* at 61:4-25; 62:1-16.
[7] *Id.* at 62:17-25.

and when he could not gain the attention and answers he wanted, he says he attempted suicide. Defendant Sanchez – a nurse experienced in correctional medicine and the communications and discussions within the correctional setting – heard a discussion and observed action that were only consistent with attention seeking behavior and inconsistent with a legitimate threat of self-harm.

    Plaintiff's attempts to explain that there are contrary inferences to be made from the evidence are belied by Plaintiff's actual thoughts and intentions. Although hindsight should not be used to show that Defendant Sanchez should have known he would attempt suicide, Plaintiff's above-referenced, after-the-fact testimony describing his then-existing mental state is consistent with Defendant Sanchez's real time inferences. No rational factfinder could determine that Defendant Sanchez – with the limited information she had – had subjective awareness of his serious risk when *Plaintiff* did not know that he actually intended to attempt suicide. For example, when Plaintiff initially spoke to Deputy Tracey, he did not request help because he was suicidal. He only wanted information and to be booked in quicker or use the phone. Additionally, the information about Plaintiff's prior suicide attempts and knowledge about his prior actions are irrelevant to Defendant Sanchez's analysis because she did not know who was in the cell. The only reasonable inferences from the evidence and Plaintiff's actual testimony about his mental state and intentions

was that Plaintiff was seeking information and attention and when his prior actions did not work, he attempted suicide.

### C. Defendant Sanchez did not disregard the purported risk of self-harm.

In context, there is no evidence that Defendant Sanchez disregarded the purported risk of suicide in a way that constitutes negligence, much less actions or omissions greater than negligence.[8] Defendant Sanchez explained the context and her considerations for Plaintiff's circumstances, and that explanation is undisputed by the evidence and reasonable. When Plaintiff's testimony is married to the video, Defendant Sanchez would have heard Plaintiff alive and banging around the cell immediately before he attempted suicide. Those actual actions, which would have been experienced in real time – and not with slow motion replay – show that there was no reason to believe that Plaintiff was actually suicidal or that there was time to intervene after he made the decision to attempt suicide. Therefore, the evidence shows that there was not sufficient time for any actions of consequence. Almost immediately after the Plaintiff-deputies interactions and his attempts at gaining more attention, Plaintiff began to hang himself, and when his actions were reported to Defendant Sanchez, she provided necessary emergency care that saved Plaintiff's

---

[8] *See Cook*, 402 F.3d at 1115 (explaining that "the plaintiff has to show that the defendant had (1) subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence").

life. Plaintiff cannot produce evidence to show a disregard as required by controlling precedent.

### D. Plaintiff has not submitted any evidence to support his claims for damages.

There is no record evidence showing that Defendant Sanchez's actions or inactions caused any injury to Plaintiff, and his conclusory statements about causation are insufficient. Although Plaintiff cites to *LaMarca v. Turner*, he omits the relevant portion: "a plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition[.]"[9] Under the circumstances and within the timeframe shown by the evidence, Defendant Sanchez could not open the cell or make the deputies take any actions. Armed with more knowledge than Defendant Sanchez, the deputies (likely correctly) did not see Plaintiff as having even a mere possibility of attempting suicide. Therefore, it is unreasonable to contend that Defendant Sanchez had the means to impact Plaintiff's actions in a short period of time without the ability to open the cell or move Plaintiff from his cell. Because there is no evidence of causation either by a fact witness or an expert witness, Plaintiff's claims against Defendant Sanchez should be adjudicated in her favor for a lack of causation.

---

[9] *LaMarca v. Turner*, 995 F.2d 1526, 1535-36 (11th Cir. 1993).

Moreover, even if there is some liability, Plaintiff cannot produce any evidence of injury or damages. Although a factfinder can award damages about emotional distress,[10] there must be relevant and admissible evidence upon which the factfinder can rely. There is no evidence in this case. Plaintiff only testified about his lack of trust based on his interactions with Deputy Tracey[11] and he speculated about the suicide attempt affecting his brain,[12] but there is no actual evidence to support any damages related to these statements. In *Harris*, the court noted that the plaintiff testified about her hair falling out, that she could not sleep, she was an emotional wreck, and that her relationships with people suffered. There is no similar evidence in this case. Therefore, there is no evidence of damages from Plaintiff. Furthermore, there is no evidence of any medical diagnoses. Plaintiff's unsupported, hearsay statements are not admissible evidence of any injuries or damages. Even if there could be come evidence of damages, limited summary judgment should be granted as to non-economic damages relating to any purported long-term pain and suffering, any alleged medical diagnoses, and emotional injuries.[13] Again, Plaintiff's casual speculative statements about his medical, mental, and physical conditions are not supported by any admissible fact or expert testimony or evidence. This patent

---

[10] *Harris v. Sam's E., Inc.*, No. 4:20-CV-176 (CDL), 2023 WL 2163918, *3 (M.D. Ga. Feb. 22, 2023).
[11] 73:4-20
[12] 73:25; 74:1-9.
[13] Furthermore, Plaintiff has stated in his discovery responses that he is not seeking economic damages. *See* Plaintiff's Responses and Objections to Deputy Raul Gomez's First Set of Interrogatories (89-2), Number 20.

lack of evidence is insufficient and because Plaintiff cannot support all elements of claim, it must be adjudicated in Defendant Sanchez's favor.

### III.  CONCLUSION

Defendant Sanchez requests that this Court adjudicate Plaintiff's claims in her favor. Defendant Sanchez's actions did not show deliberate indifference because under the circumstances of this case and based on the knowledge she obtained, she responded reasonably.

Defendants certify that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) and the brief does not contain more than 10 characters per inch of type.

Respectfully submitted this 23rd day of January, 2026.

*/s/Antonio E. Veal*
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007

*Counsel for Defendant Erica Sanchez*

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com

8

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing DEFENDANT ERICA SANCHEZ'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was electronically filed using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

James M. Slater
Slater Legal PLLC
2296 Henderson Mill Road, NE, Number 116
Atlanta, Georgia 30345
james@slater.legal

Jason Waymire
Williams & Waymire, LLC
Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30581
jason@wmwlaw.com

Timothy Buckley
Eric O'Brien
Buckley, Christopher & Hensel, P.C.
2970 Clairmont Road, NE Suite 650
Atlanta, GA 30329
tbuckley@bchlawpc.com
eobrien@bchlawpc.com

Respectfully submitted this 23rd day of January, 2026.

/s/Antonio E. Veal
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007

*Counsel for Defendant Erica Sanchez*

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com

10