IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EZRA SMITH,<br><br>    Plaintiff,<br>v.<br><br>DEPUTY MONIQUE TRACEY, DEPUTY RAUL GOMEZ, DEPUTY SHENEQUA JACKSON, and ERICA SANCHEZ,<br><br>    Defendants. | Civil Action No.: 1:24-cv-05158-TWT |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

In response to Plaintiff's Statement of Material Facts, Doc. 91, Defendant Tracey objected to the admissibility of Plaintiff's own verified interrogatory responses and the sworn testimony by Defendants Jackson and Sanchez from Tracey's merit board hearing. Doc. 100-1. Plaintiff requests leave to file a three-page brief addressing these two objections. A copy of Plaintiff's proposed brief is attached as an exhibit with this motion.

In compliance with LR 7.1(B) and 56.1(B)(2)(b), Plaintiff's response in opposition to Defendants' motions for summary judgment was accompanied by a statement of additional material facts which present a genuine issue for trial. (Doc. 91). Following LR 56.1(B)(3), Defendant Tracey filed her reply along with a response to Plaintiff's statement of additional material facts. (Doc. 100-1). Defendant asserted two

forms of evidence–Plaintiff's verified interrogatories and sworn testimony of Defendant Sanchez and Jackson–were inadmissible hearsay and should not be considered by this Court. Because the cases cited by Defendant do not support those objections, and because the evidence is admissible for the purpose of determining summary judgment, Plaintiff seeks to file a surreply.

A district court may authorize a surreply when the movant raises a new legal argument in its reply brief. *See, e.g.*, *Blair v. Coll.*, 1:04-CV-1156-WBH, 2006 WL 8431445 (N.D. Ga. Feb. 15, 2006) (permitting plaintiff to file a surreply addressing a claim of privilege that defendant first raised in its reply); *Hilmo v. Jackson*, 2:20-CV-292-RWS, 2022 WL 4230549 (N.D. Ga. Aug. 15, 2022), *aff'd*, 22-13015, 2023 WL 4145495 (11th Cir. June 23, 2023) (permitting plaintiff's surreply where defendant introduced new facts and arguments regarding absolute and qualified immunity). Plaintiff's surreply is short and responds to an argument on admissibility first raised as part of Defendant's reply.[1] It is not a request that would place "the court in the position of refereeing an endless volley of briefs." *Diaz v. P'ship, Inc.*, 1:21-CV-03661-ELR, 2022 WL 22596575, at *1 (N.D. Ga. Nov. 8, 2022)(citation omitted). On this basis, Plaintiff respectfully requests that the Court permit the filing of the attached, brief, and narrowly tailored surreply.

---

[1] Defendant Tracey did not file a separate notice of objection to the admissibility of this evidence, which courts have generally held is the appropriate method for challenging the admissibility of evidence at summary judgment. *See, e.g.*, *Morgan v. Sears, Roebuck & Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988). Had Defendant Tracey done so, Plaintiff would have had an opportunity to file a response. Plaintiff seeks no more than to have that same opportunity.

Submitted this 30th day of January, 2026.

| | |
|---|---|
| FILIPOVITS & SMITH, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>(404) 905-2225<br>jeff@civil-rights.law<br>wingo@civil-rights.law | **Jeff Filipovits**<br>Jeff Filipovits<br>Georgia Bar No.  825553<br><br>**Wingo Smith**<br>Wingo Smith<br>Georgia Bar No. 147896<br><br>**James M. Slater**<br>James M. Slater<br>Georgia Bar No. 169869 |
| SLATER LEGAL PLLC<br>2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>(404) 458-7283<br>james@slater.legal | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

Dated: January 30, 2026.

|  |  |
|---|---|
| FILIPOVITS & SMITH, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>(404) 905-2225<br>jeff@civil-rights.law | **Jeff Filipovits**<br>Jeff Filipovits<br>Georgia Bar No. 825553 |