IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EZRA SMITH,

    Plaintiff,

v.

DEPUTY MONIQUE TRACEY, et al.,

    Defendants.

Civil Action No.: 1:24-cv-05158-TWT

**PLAINTIFF'S SURREPLY REGARDING
DEFENDANT TRACEY'S ADMISSIBILITY OBJECTIONS**

In response to Plaintiff's Statement of Material Facts (Doc. 91), Defendant Tracey objected to the admissibility of Plaintiff's own verified interrogatory responses and the sworn testimony by Defendants Jackson and Sanchez from Tracey's merit board hearing. (Doc. 100-1). These objections are wrong for the following reasons.

I. **Defendants Sanchez and Jackson's merit board hearing testimony is admissible at summary judgment**

Defendant Tracey does not object to her own statements about the Sheriff's suicide response policy, but to that of her co-defendants, Jackson and Sanchez. (Doc. 100 at 11). It is well-established that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'" *Coffman v. Battle*, 786 F. App'x 926, 934 (11th Cir. 2019) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)).

Here, the statements by Tracey's codefendants were based on their personal knowledge of the jail's policy and would be admissible at trial for that purpose. The statements also have additional indicators of trustworthiness. Each of the defendants stated they "testified" at the hearing or that their statements were under oath. *See* Jackson Dep. 92:5-8; Sanchez Dep. 96:7-10;104:18-20 (agreeing that she testified truthfully at the hearing); Tracey Dep. 5:6-8 (testifying she was under oath at the hearing); Gomez Dep. 60:24–61:1. Moreover, both Jackson and Sanchez were subject to cross-examination by Defendant Tracey at that hearing. What's more, their statements about the policy are uncontroverted and reinforced by Defendant Tracey's own testimony. *See* Doc. 91 ¶¶ 80–84. *See Smith v. LePage*, 834 F.3d 1285, 1296 n.6 (11th Cir. 2016) (holding that a district court did not err in considering a hearsay statement at summary judgment where the declarant could testify at trial and there were no other contradictory statements). For these reasons, Defendant Tracey's objection should be overruled.

## II.    Plaintiff's interrogatory responses are admissible at summary judgment

Defendant Tracey incorrectly asserts that a party (or at least a plaintiff) can never rely on their own interrogatory responses at summary judgment. But that contradicts the plain language of Fed. R. Civ. P. 56(c)(1)(A), which allows parties to rely on interrogatories, as well as declarations at summary judgment. Plaintiff's interrogatory responses were verified and based on his personal knowledge and plainly admissible just as any other sworn statement. *See, e.g.*, *United States v. Stein*, 881 F.3d 853, 857 (11th

Cir. 2018) (en banc) ("[O]ur cases correctly explain that a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment."); *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A 1981) (stating that a verified complaint serves as the equivalent of an affidavit for purposes of summary judgment).

The four cases relied upon by Defendant Tracey do not hold otherwise. For example, in *Johnson v. Gestamp Alabama, LLC*, 946 F. Supp. 2d 1180 (N.D. Ala. 2013), the court considered interrogatory answers at issue. Defendant's other supporting case hails from the Tenth Circuit and addressed whether a double hearsay statement within an interrogatory was admissible at summary judgment. And *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), is inapposite because it dealt with the issue of double hearsay, but that is not at issue here. Next, *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), analyzed the use of interrogatories at trial, not at summary judgment, and therefore employs the wrong lens on admissibility. Finally, *Kirk v. Raymark Industries*, 61 F.3d 147 (3d Cir. 1995), held that "an interrogatory response of a [non-party] co-defendant who is seeking to avoid liability lacks the 'circumstantial guarantees of trustworthiness' that are contemplated by Rule 803(24) of the Federal Rules of Evidence." *Id.* at 167. But this is not a dismissed, co-defendant's exculpatory statement being proffered at trial; it is rather Plaintiff's own statements of what he experienced. It is no different than authoring a declaration, which is undoubtedly admissible at this stage under Fed. R. Civ. P. 56(c)(1)(A). Regardless of the form, Plaintiff can rely on his

own sworn statements based on his personal knowledge. Again, the Court should overrule this objection.

* * *

For these reasons, the Court should overrule Defendant Tracey's admissibility objections.

Submitted this 30th day of January, 2026.

| | |
|---|---|
| FILIPOVITS & SMITH, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>(404) 905-2225<br>jeff@civil-rights.law<br>wingo@civil-rights.law<br><br><br>SLATER LEGAL PLLC<br>2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>(404) 458-7283<br>james@slater.legal | **Jeff Filipovits**<br>Jeff Filipovits<br>Georgia Bar No. 825553<br><br>**Wingo Smith**<br>Wingo Smith<br>Georgia Bar No. 147896<br><br>**James M. Slater**<br>James M. Slater<br>Georgia Bar No. 169869 |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

Dated: February 2, 2026.

|  |  |
|---|---|
| | **Jeff Filipovits** |
| FILIPOVITS & SMITH, LLC | Jeff Filipovits |
| 315 W. Ponce de Leon Ave., Ste. 865 | Georgia Bar No. 825553 |
| Decatur, Georgia 30030 | |
| (404) 905-2225 | |
| jeff@civil-rights.law | |